In the Matter of CHARLES N. ASWAD et al., Appellants, v CHARLES J. HYNES, as Deputy Attorney-General of the State of New York, Respondent.

Third Department, May 21, 1981

APPEARANCES OF COUNSEL

*Aswad & Ingraham (Charles O. Ingraham* of counsel), for appellants.

*Edward J. Kuriansky (Richard D. Carruthers* of counsel), for respondent.

## OPINION OF THE COURT

MAHONEY, P. J.

In 1977, Special Prosecutor Charles J. Hynes began an investigation into possible criminal violations at the Willow Point Nursing Home in Broome County. Pursuant to his authority under subdivision 3 of section 63 of the Executive Law, the Special Prosecutor subpoenaed petitioners to appear before an additional Grand Jury which was impaneled by order of this court in April of 1977. One of the petitioners, Doctor Spring, testified extensively.

On September 15, 1977, the State Attorney-General empowered Special Prosecutor Hynes to also bring a civil action in the name of the State of New York against petitioners and others for the recovery of alleged Medicaid overpayments. As a result, the Special Prosecutor established a bureau within his office known as the Civil Recovery Unit.

The additional Grand Jury term expired on December 1, 1977, without returning an indictment or issuing a report. In April of 1978 an ex parte motion was made before the Broome County Court by the Special Prosecutor for an order allowing disclosure of the minutes of the Grand Jury proceeding to the Civil Recovery Unit. The County Court granted the requested disclosure and ordered that the use of the Grand Jury minutes by the Civil Recovery Unit "be only in furtherance of its responsibilities for the recovery of monies owing the State of New York."

On November 16, 1978, a civil action was commenced in Supreme Court, Broome County, by the State of New York and the County of Broome against a number of defendants, including petitioners, alleging that the defendants had engaged in a fraudulent scheme whereby they obtained nearly $2,000,000 in Medicaid overpayments. In opposition to de-

fendants' motions to dismiss the complaint, the Civil Recovery Unit served each defendant with a 114-page affidavit which included 10 pages of Dr. Spring's testimony before the additional Grand Jury. Moreover, a 354-page transcript, including Dr. Spring's complete testimony before the Grand Jury, accompanied the Civil Recovery Unit's affidavit. Thereupon, petitioners moved in Supreme Court for a protective order and for an order to suppress the public release or use of any testimony or evidence adduced at the additional Grand Jury (CPLR 3103, subds [a], [c]). After oral argument, Special Term stayed proceedings before it and advised petitioners to move in County Court for vacatur and/or clarification of the latter court's disclosure order. Petitioners then applied to County Court to vacate its original order. On January 23, 1980, County Court denied vacatur and made clear that the Civil Recovery Unit's use of the Grand Jury minutes thus far was proper and within the scope of the original order. This appeal ensued.

 A threshold issue in the resolution of this case is whether the Civil Recovery Unit's ex parte application for disclosure of the Grand Jury minutes was an appropriate method for acquiring the information. While the statutes governing disclosure of Grand Jury minutes are less than clear regarding the procedure to be utilized when seeking disclosure, we find no statutory authority which would require that petitioners be given notice before disclosure (see CPL 190.25, subd 4; Judiciary Law, § 325). Ex parte applications for disclosure have been permitted by courts of this State in the past (see *People v Di Napoli*, 27 NY2d 229; *Matter of Scotti*, 53 AD2d 282).

 Next, we turn to the more critical issue of whether the disclosure of the Grand Jury minutes to the Civil Recovery Unit was a proper exercise of discretion by the trial court, and, if proper, to what extent the Grand Jury minutes could be utilized. At the outset, we reject respondent's contention that disclosure of the Grand Jury minutes would have been permissible even in the absence of a court order. CPL 190.25 (subd 4) states, in pertinent part: "For the purpose of assisting the grand jury in conducting its investigation, evidence obtained by a grand jury may be inde-

pendently examined by the district attorney * * * [s]uch evidence may not be disclosed to other persons without a court order." Although this statute should be construed to permit a Special Prosecutor empowered to conduct Grand Jury investigations to examine Grand Jury minutes without a court order (CPL 1.20, subd 32), where, as here, inspection by the Civil Recovery Unit was not to assist the Grand Jury in its investigation, disclosure to that unit without a court order would be unwarranted.

In determining whether the court-ordered disclosure was proper in the instant case, we must ascertain whether the trial court correctly balanced the public interest in disclosure against that of secrecy in Grand Jury proceedings *(People v Di Napoli*, 27 NY2d 229, *supra)*. The public interest in disclosure is self-evident—it would assist the Civil Recovery Unit in recovering $2,000,000 in alleged Medicaid overpayments. Balance against this interest in disclosure are the five factors enumerated in *Di Napoli* (p 235) : "(1) prevention of flight by a defendant who is about to be indicted; (2) protection of the grand jurors from interference from those under investigation; (3) prevention of subornation of ,perjury and tampering with prospective witnesses at the trial to be held as a result of any indictment the grand jury returns; (4) protection of an innocent accused from unfounded accusations if in fact no indictment is returned; and (5) assurance to prospective witnesses that their testimony will be· kept secret so that they will be willing to testify freely."

█ When these five criteria are posited against the public interest in disclosure in the instant case, it is apparent that the first three considerations are irrelevant since the criminal investigation has presumably been terminated by the Special Prosecutor. Concerning the last two criteria, we are of the view that any deleterious effects disclosure would have on the interests they seek to safeguard could be eliminated by forbidding public disclosure. In *Di Napoli* (27 NY2d 229, *supra)*, the Public Service Commission was allowed to inspect the Grand Jury minutes for investigative purposes, but was prohibited from publicly disclosing them. Similarly, in the instant case, the Civil Recovery Unit was

properly allowed to inspect the Grand Jury minutes for investigative purposes, but the County Court abused its discretion in allowing the Civil Recovery Unit to disclose the Grand Jury minutes during the course of the civil litigation. Thus, the dissemination of the Grand Jury transcripts to the defendants in the civil action and the partial inclusion of such minutes in respondent's pleadings were improper.

A careful reading of the *Di Napoli* case leads inexorably to the conclusion that notwithstanding disclosure to an investigatory agency, the continuing interest in Grand Jury secrecy must be balanced against the need for further disclosure by that investigative agency during the course of litigation. In the instant case, the court before which the civil litigation is pending is charged with balancing these sensitive interests before allowing further dissemination of the Grand Jury minutes through public disclosure or admission into evidence. Accordingly, the County Court's order authorizing the Civil Recovery Unit to disclose Grand Jury testimony to the parties involved in the civil litigation and to use the Grand Jury testimony in its pleadings usurped the Supreme Court's prerogative to independently determine that these particular uses of the Grand Jury minutes outweighed the interests of secrecy in Grand Jury proceedings.*

The order should be modified, on the law, by reversing so much thereof as granted respondent the authority to publicly disclose the Grand Jury minutes, and, as so modified, affirmed, without costs.

KANE, J. (concurring). Respondent Charles J. Hynes is a Deputy Attorney-General and heads a unit within the Department of Law styled the Office of Special State Prosecutor for Nursing Homes, Health and Social Services. It

---

* We are not unmindful of the sensitive role the Special Prosecutor serves when charged with both criminal and civil responsibilities. Nevertheless, on the facts before us, we do not find that the Special Prosecutor improperly initiated the Grand Jury proceeding to facilitate the subsequent civil suit brought by the Civil Recovery Unit. Further, we note that disclosure is not precluded in the instant case merely because the Grand Jury minutes are sought for use in a noncriminal context *(People v Di Napoli, supra,* p 236).

appears that he had been directed to make inquiry into possible criminal violations related to the operation of nursing homes pursuant to subdivision 8 of section 63 of the Executive Law (see 9 NYCRR 3.4) and that the Grand Jury proceedings involved herein were conducted by him under another provision of the same law (Executive Law, § 63, subd 3). While there was no requirement that respondent supersede any District Attorney in this instance (Executive Law, § 63, subd 2), he was vested with prosecutorial authority and possessed certain additional investigative powers not available to local prosecutors. Finally, before the term of the Grand Jury expired, respondent was also assigned to initiate civil actions in the name of the State to recover Medicaid overpayments. Thus, unlike elected District Attorneys, respondent was charged with both criminal and civil responsibilities.

Although I fully agree with the majority that the Civil Recovery Unit of the Office of the Special State Prosecutor for Nursing Homes, Health and Social Services was properly given access to the Grand Jury evidence and that the decision of County Court refusing to vacate that order is too expansive, the capacities in which respondent functions merit additional comment. Attorneys may not use criminal proceedings to gain an advantage in civil actions (see *Read v Sacco*, 49 AD2d 471, 475; Code of Professional Responsibility, DR 7-105). There is no claim here that respondent attempted to employ his powers in such a fashion, but there is an indication that the important differences between public prosecution and private advocacy have become somewhat blurred, for the ex parte application to obtain Grand Jury materials was made by respondent in his role as prosecutor rather than in his position as head of the Civil Recovery Unit (cf. *People v Di Napoli*, 27 NY2d 229 [District Attorney interposed no objection to a motion by the Public Service Commission to inspect Grand Jury minutes]). While the distinction is immaterial to the outcome of the motion or the disposition of this appeal, it is illustrative of the difficulty encountered in maintaining separate identities. The wisdom of entrusting civil litigation and criminal prosecution to the same officer is not before us, but respondent would be well advised to insure that his appearances

before a Grand Jury are correctly perceived as being limited to the discharge of his prosecutorial obligations.

MAIN, MIKOLL and YESAWICH, JR., JJ., concur with MAHONEY, P. J.; KANE, J., concurs in a separate opinion.

Order modified, on the law, by reversing so much thereof as granted respondent the authority to publicly disclose the Grand Jury minutes, and, as so modified, affirmed, without costs.