In the Matter of the DISTRICT ATTORNEY OF SUFFOLK COUNTY, Respondent.

Second Department, May 10, 1982

### APPEARANCES OF COUNSEL

*Speno Goldberg Moore Margules & Corcoran, P. C.* (*Paul F. Corcoran* of counsel); *Buckley, Treacy, Schaffel, Mackey & Abbate; Dawson, Kimelman & Clayman; Gerald L. Shargel;* and *Emanuel Sfaelos* for appellants (one brief).

*Buckley, Treacy, Schaffel, Mackey & Abbate* (*George F. Mackey, Thomas B. Treacy* and *Norman D. Alvy* of counsel), for certain appellants.

*Patrick Henry, District Attorney* (*Mark D. Cohen* and *James J. O'Rourke* of counsel), respondent *pro se.*

### OPINION OF THE COURT

MANGANO, J. P.

In 1979 and 1980, several businessmen, construction and engineering firms, elected officials and political figures were examined before various Suffolk County Grand Ju-

ries investigating possible fraud, bribery and political corruption associated with the planning and construction of a sewer project in the southwestern part of Suffolk County, known as Southwest Sewer District No. 3. The last of these Grand Juries, the February 1980 Grand Jury III, investigated the allegedly illegal payment of cash contributions by contractors to political figures and elected officials in Suffolk County. The only indictments filed by the February 1980 Grand Jury III were those against Nicholas Barbato, Charles T. Walsh and Regis O'Neil, three of the movants herein and the only movants to have testified before that Grand Jury. Barbato, Walsh and O'Neil were charged in three separate indictments with perjury in the first degree in that they allegedly gave false testimony of a material nature before the Grand Jury. No indictments were filed by the February 1980 Grand Jury III charging any crime involving fraud or corruption directly related to the subject matter of its investigation.

On January 27, 1981 the Suffolk County Legislature enacted Local Law No. 8 of 1981, which empowered the District Attorney of Suffolk County to act as attorney and counselor for the county in any civil action for damages in connection with the planning, financing or construction of Southwest Sewer District No. 3. On the same date, the County Court of Suffolk County (DOYLE, J.), pursuant to CPL 190.25 (subd 4), granted an ex parte motion brought by the District Attorney in accordance with his authority under Local Law No. 8 of 1981, and ordered that the District Attorney, his appointed staff, special counsel, experts and consultants be authorized and permitted to utilize the minutes of the February 1980 Grand Jury III. This order was granted in contemplation of the county's commencement of a civil action in the United States District Court for the Eastern District of New York, pursuant to the Federal "RICO" statute (Racketeer Influenced and Corrupt Organizations, US Code, tit 18, § 1961 *et seq.*). Such an action was commenced. The complaint, dated January 27, 1981, accused each of the movants of having participated in the fraud, bribery and political corruption associated with the planning and construction of Southwest Sewer District No. 3.

The instant motion was brought to vacate the ex parte order of January 27, 1981. In its affidavit in opposition to this motion, as in its affidavit in support of its application for the ex parte order, the county made the following showing:

(1) that the February 1980 Grand Jury III had been impaneled and did investigate corruption concerning the Southwest Sewer District No. 3;

(2) that Barbato, Walsh and O'Neil had been indicted by that Grand Jury for perjury and that those indictments were pending;

(3) that the District Attorney had been authorized by Local Law No. 8 of 1981 to prosecute a civil action for damages with regard to the corruption associated with the sewer project;

(4) that the county had commenced such an action in Federal District Court under the "RICO" statute; and

(5) that in order to prosecute this Federal civil action, it was necessary that the minutes of the February 1980 Grand Jury III be released to the county pursuant to CPL 190.25 (subd 4).

Specifically, on the question of its need for the minutes, the county stated, without more, in its affidavit in support of the ex parte application for their release, that the "transcripts are required and necessary in the interests of justice" and that "the interests of justice, the need to remedy civil wrongs against this municipality and the protection of the public interest dictates [sic] authority for the utilization of these minutes". Similarly, in its affidavit in opposition to the instant motion, the county simply averred that "the narrow claim of Grand Jury secrecy raised herein [must] bow to permission to utilize these minutes in furtherance of a most important public interest: the integrity of our local government system." Again, on the oral argument of the instant motion in the County Court, the county merely stated that the public interest to "take the profit out of kickbacks and payoffs, and bribery" created a "compelling necessity" for the use of the Grand Jury minutes "to secure justice".

It should be noted that at the same oral argument in the County Court, the county conceded that, in addition to Barbato, Walsh and O'Neil, who gave Grand Jury testimony, the other movants herein were discussed by the February 1980 Grand Jury III.

The motion to vacate the ex parte order of January 27, 1981 was granted by the County Court to the extent that the ex parte order permitting disclosure of the minutes of the February 1980 Grand Jury III was stayed pending proper disclosure of those minutes at the perjury trials of Walsh, Barbato or O'Neil, or pending the conclusion of said criminal proceedings.

The movants now appeal this order insofar as it effectively denied their motion to vacate the January 27, 1981 ex parte order. We reverse.

As a threshold determination, we must decide whether each of the movants has standing to challenge the disclosure of the minutes of the subject Grand Jury. We conclude that each does. The purpose of Grand Jury secrecy is the "protection of an innocent accused from unfounded accusations if in fact no indictment is returned", as well as the protection of witnesses (*People v Di Napoli,* 27 NY2d 229, 235). The targets of a Grand Jury investigation, therefore, as well as the witnesses before the Grand Jury, have standing to enforce the right of Grand Jury secrecy established by statute (CPL 190.25), since the injury suffered by each due to the violation of that secrecy falls within the zone of interest to be protected by the statute (*Matter of Fritz v Huntington Hosp.,* 39 NY2d 339, 346; see *Douglas Oil Co. v Petrol Stops Northwest,* 441 US 211, 218, n 8). In the case at bar, Barbato, Walsh and O'Neil have standing, as witnesses, to challenge the disclosure of the minutes of the February 1980 Grand Jury III. They also have standing, with the other movants, as targets of the subject Grand Jury's investigation. The record reveals that all of the movants were discussed in the course of the investigation, and some were associated with the sewer project under inquiry.

On the substantive issue of the disclosure of Grand Jury minutes, we refer first to the relevant language of the

controlling statute (CPL 190.25, subd 4), which declares that Grand Jury proceedings are secret, and mandates that no grand juror or public servant authorized to be present during Grand Jury deliberations (CPL 190.25, subd 3; Penal Law, § 215.70) may, except in the lawful discharge of his duties, or upon written order of the court, disclose the nature or substance of any Grand Jury testimony, evidence, or any decision, result or other matter attending a Grand Jury proceeding.

In this case, we are only concerned with disclosure upon written order of a court. Such an order is strictly discretionary with the Trial Judge. "In exercising this discretion, the court must balance the competing interests involved, the public interest in disclosure against that in secrecy." (*People v Di Napoli,* 27 NY2d 229, 234, *supra.*) It is beyond cavil, therefore, that the principle of Grand Jury secrecy is not absolute. On the other hand, the principle supporting disclosure of Grand Jury minutes in aid of enforcement of a public interest is likewise not absolute. Where a public interest has been claimed, disclosure has been permitted (see, e.g., *People v Di Napoli, supra; Matter of Quinn [Guion],* 293 NY 787; *People ex rel. Hirschberg v Board of Supervisors of County of Orange,* 251 NY 156; *Matter of Aswad v Hynes,* 80 AD2d 382; *Matter of Scotti,* 53 AD2d 282). Nevertheless, the mere claim of a public interest will not per se guarantee disclosure (see, e.g., *Matter of City of Buffalo [Cosgrove],* 57 AD2d 47; cf. *Matter of Carey [Fischer],* 68 AD2d 220). The public's access to the minutes of a Grand Jury investigation, even for the sole purpose of protecting the commonweal, will not necessarily warrant disclosure. "No less important is the obligation of the judicial branch of government to protect the reputations of persons accused of crimes but not indicted or convicted, and to protect the court's investigative machinery. The secrecy of the Grand Jury is jealously guarded because the confidentiality of its proceedings must be insured if it is to continue to be effective" (*Matter of Carey [Fischer],* 68 AD2d 220, 229, *supra*).

In deciding an application for disclosure of Grand Jury minutes, therefore, a court must weigh the competing interests of Grand Jury secrecy and public access to infor-

mation for a public purpose. It must determine whether the need to compromise the former is outweighed by the need to satisfy the latter. Nevertheless, it should be emphasized that, although a balancing test is involved, the plain language of the statute (CPL 190.25, subd 4) establishes that the secrecy of the Grand Jury is to be maintained, unless this secrecy is shown to be unwarranted. In other words, the inviolability of Grand Jury proceedings is presumed, and the burden will be upon the party seeking disclosure to rebut the presumption. Thus, in seeking release of Grand Jury minutes upon a claim that they are necessary for the enforcement of a public interest, it must be shown by sufficient facts that the interest asserted is of such import that it outweighs the dangers inherent in violation of the secrecy of the Grand Jury (*People v Di Napoli,* 27 NY2d 229, 235, *supra*), *and* that the minutes of the Grand Jury proceedings are requisite to a successful effort to protect or vindicate that interest. That is to say, they must be proven to be essential to this effort, though they need not be proven indispensible (see *People v Di Napoli, supra,* p 238). Consequently, a party seeking disclosure will not satisfy his burden by simply asserting, or even showing, that a public interest is involved. He must, by a factual presentation, demonstrate why, and to what extent, he requires the minutes of a particular Grand Jury to advance the actions or measures taken, or proposed (e.g., legal action, administrative inquiry or legislative investigation), to insure that the public interest has been, or will be, served.

In the case at bar, we hold that the county, in seeking disclosure of the minutes of the February 1980 Grand Jury III, failed to sustain its burden of showing that these minutes were essential to the prosecution of its Federal civil action under the "RICO" statute. Undoubtedly, the county demonstrated that a public interest was involved in its efforts to obtain civil damages from those who had allegedly defrauded the county and its residents, stole from the public purse, and cheated the taxpayers. More than this, however, was not shown. It was merely averred, in conclusory fashion, that the Grand Jury minutes were needed, and stated, without specificity, that they would be

utilized to commence and maintain the Federal civil action. We are convinced that such a vague, overly broad and factually insufficient showing failed to satisfy the county's burden of rebutting the presumption in favor of Grand Jury secrecy, and, thus, was incapable of presenting the County Court with enough to exercise its discretion in favor of disclosure.

Accordingly, the order should be reversed insofar as appealed from and the motion to vacate the ex parte order authorizing disclosure of the minutes of the February 1980 Grand Jury III granted.

THOMPSON, J. (dissenting). I vote to affirm the order insofar as it is appealed from.

The District Attorney of Suffolk County is seeking to recover more than $262,000,000 in a Federal "RICO" (US Code, tit 18, § 1961 *et seq.*) suit arising from alleged fraud and corruption in connection with the Southwest Sewer District No. 3 (the Project), one of the largest public works projects in the history of Suffolk County. To aid in the prosecution of the suit, the District Attorney requests the release of certain Grand Jury minutes from investigations of the Project. My colleagues would deny the request. I dissent and vote to affirm the order insofar as appealed from.

The majority correctly states that both statute and tradition favor the general secrecy of Grand Jury proceedings and minutes. They correctly state that when disclosure is requested the response to such a request is "strictly discretionary with the Trial Judge." They also reiterate the words of the Court of Appeals that the Trial Judge must "balance" the "competing interests" of "public interest in disclosure" and "secrecy" (see *People v Di Napoli*, 27 NY2d 229). But I do not believe that the majority has correctly analyzed the record in this case because I believe that the District Attorney has shown the overwhelming public interest in disclosure to assist in the attempt at recovering significant sums for the county treasury and has shown the need for the Grand Jury minutes in furthering that public interest.

In *People v Di Napoli* (27 NY2d 229, *supra*), the Public Service Commission was permitted to inspect Grand Jury minutes concerning alleged bid-rigging in public utility contracts. The commission wanted to know whether certain companies had been involved in the bid schemes and whether customers had paid too much because of unwarranted payments. Inspection was permitted, in part because such disclosure was in the interest of protecting consumers from improper utility rates. I believe that the public interest in this case is greater than that shown in *Di Napoli* and that the standards set by the Court of Appeals in *Di Napoli* justify the County Court's decision to permit disclosure.

After reading the record and considering the County Court's decision to permit disclosure with conditions, I am convinced that the court properly exercised its discretion, without any hint of abuse. I see no reason why this court should substitute its views in a matter "strictly discretionary with the Trial Judge."

I do concur with that portion of the majority's holding on the issue of standing.

WEINSTEIN and BRACKEN, JJ., concur with MANGANO, J. P.; THOMPSON, J., dissents and votes to affirm the order insofar as appealed from, with an opinion.

Appeal by the movants from so much of an order of the County Court, Suffolk County, dated May 20, 1981, as denied their motion to vacate an ex parte order of the same court, dated January 27, 1981, which authorized and permitted the District Attorney of Suffolk County, his appointed staff, special counsel, experts and consultants, "to utilize the Grand Jury transcriptions of the Suffolk County Grand Jury proceeding enumerated 453-80 in the litigation of a civil proceeding and proceedings brought pursuant to 18 U.S.C. 1961 et seq., and state and federal common and statutory law."

Order reversed insofar as appealed from, on the law, without costs or disbursements, motion granted, and the ex parte order dated January 27, 1981 is vacated.