OPINION OF THE COURT
Burton B. Roberts, J.
The District Attorney’s motion for an order releasing in its entirety the approximately 2,000 pages of the Grand Jury proceedings, with names redacted, in the matter of the investigation into the death of Yvonne Smallwood (investigation No. 49160/87), is disposed of as follows:
On December 3, 1987, Yvonne Smallwood was involved in an altercation with members of the Police Department on the streets of Bronx County. She was incarcerated for six days, *283 coming in contact with many of the component parts that make up the criminal justice system, dying while in custody on December 9, 1987 in the Elmhurst General Hospital.
On March 29, 1988, at the request of the Bronx District Attorney, a Special Grand Jury was impaneled by this court to investigate the events surrounding the arrest, treatment and death of Yvonne Smallwood, to determine if there was any criminal liability as a result of or arising from any aspect of this incident. The Grand Jury which was impaneled represented a fair cross section of the citizenry which makes up the County of the Bronx. It conducted a thorough investigation, hearing testimony of some 149 witnesses examined by Assistant District Attorneys Edward Talty and Frank Reyes. It appears that virtually every person who offered a public explanation of any aspect of the events was called and testified. Waivers of immunity were obtained from the police officers involved in the incident which led to the arrest of Yvonne Smallwood. In so doing, the officers subjected themselves to indictment.
A perusal of the transcript reveals that the presentment by the Bronx District Attorney’s office was fair and detailed in a "let the chips fall where they may” fashion. Upon completion of its investigation the Grand Jury found that there was no criminal liability.
The Bronx District Attorney’s office feels that because of the sensitive nature of the case and because of the tenor of the times, the community interest would be served by the release of the transcript of these Grand Jury proceedings. This they recognize is an extraordinary precedent-shattering procedure in this county’s, indeed this State’s, history.
OPL 190.25 (4) (a) provides that the Grand Jury proceedings are secret and no grand juror or other person may disclose the nature or substance of the Grand Jury proceedings, testimony, decision or result except upon written order of the court. The statute does not set forth the grounds for such an order. The general publication of Grand Jury minutes has never been authorized in this State’s history. When courts have authorized the release of Grand Jury minutes, it has been for limited purposes under carefully controlled circumstances (i.e., Rosario material, Grand Jury material sent to other investigative bodies or a Grand Jury report [CPL 190.85]). Under those circumstances, decisional law provides that a release rests in the sound discretion of the court upon good cause shown.
*284 In exercising its discretion, the court must balance, the competing need for Grand Jury secrecy and the public’s right to access to information. The inviolability of Grand Jury proceedings will be presumed and the burden is on the party seeking publication to rebut this strong presumption (Matter of District Attorney of Suffolk County, 86 AD2d 294, affd 58 NY2d 436 [1983]). "[I]t is not open to question that one of the goals advanced for the time-honored Grand Jury secrecy principle is the 'protection of an innocent accused from unfounded accusations if in fact no indictment is returned’ (People v Di Napoli, 27 NY2d 229, 235). The implementation of this principle renders it essential that one threatened with stigmatization by unwarranted disclosure be accorded an opportunity to enforce the confidentiality it is designed to secure (see Douglas Oil Co. v Petrol Stops Northwest, 441 US 211, 218, n 8; cf. Matter of Hynes v Karassik, 47 NY2d 659).” (Supra, at 442-443.) "[I]t is * * * clear that the rule of secrecy applies equally to either one who gives evidence or to one concerning whom evidence is given.” (Supra, at 443.) This principle is equally applicable to individuals, and to governmental agencies and private institutions who employ them. The District Attorney’s proposed redaction of all names is meaningless. In a case which engendered publicity the names of individuals, and the governmental agencies and institutions which employ them would be readily discernible.
Secrecy has been an integral feature of Grand Jury proceedings since well before the founding of our nation (Pittsburgh Plate Glass Co. v United States, 360 US 395, 399). Limited disclosure may be directed after balancing a public interest in disclosure against a public policy interest fostering secrecy (People v Di Napoli, supra). "[S]ince disclosure is 'the exception rather than the rule’, one seeking disclosure first must ‘demonstrate a compelling and particularized need for access [a fortiori — an even more compelling and particularized need for publication] (Pitler, NY Crim Prac under the GPL, § 5.7, p 236) * * * [J]ust any demonstration will not suffice.” (Matter of District Attorney of Suffolk County, supra, at 444.) The reasons stated must be strong enough to overcome the presumption of confidentiality. This must include an initial showing of a compelling and particular need. Without this showing the question of discretion need not be reached (Matter of District Attorney of Suffolk County, supra, at 444). I find that the District Attorney’s office has not even crossed the threshold which would permit me to exercise discretion (not as yet *285 ever used) to release for general publication Grand Jury minutes.
The District Attorney’s office is far from establishing a compelling and particularized need for disclosure even for the limited purpose as in the Suffolk County case, much less the general publication they request. In another very sensitive case, the Attica uprising, limited publication was denied to the Governor of our State under far more compelling reasons (Matter of Carey, 92 Misc 2d 316 [1977]).
The broad speculative reasons given by the District Attorney in support of the application is not enough. Indeed, the general welfare of our citizenry requires that secrecy be maintained so as to assure the cooperation and safety of witnesses in future Grand Jury proceedings.
The time-tested safeguard of secrecy of Grand Jury proceedings should not be overturned because of alleged exigencies of the moment. To do so would create bad law and have a deleterious and chilling effect on future Grand Jury investigations.
Accordingly, the motion to publish is denied.