In the Matter of ALTON H. MADDOX (Admitted as ALTON H. MADDOX, JR.), an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, May 21, 1990

## APPEARANCES OF COUNSEL

*Robert H. Straus* for petitioner.

*Alton H. Maddox, Jr.,* respondent *pro se.*

### OPINION OF THE COURT

Per Curiam.

The respondent was admitted to the practice of law at a term of the Appellate Division, First Judicial Department, on March 15, 1976, under the name Alton H. Maddox, Jr. He is the subject of three separate complaints alleging that he engaged in serious professional misconduct in connection with the highly publicized Tawana Brawley matter and his representation of Ms. Brawley with respect thereto.

One of these complaints, made by the Attorney-General of the State of New York, was received by the Grievance Committee on October 6, 1988, at which time the respondent was served with a copy and asked to respond in writing within 10 days. Although the respondent was advised that his unexcused failure to answer the Attorney-General's complaint would constitute professional misconduct, his response did not address the substance of that complaint but instead accused the Grievance Committee of racial discrimination, invidious bias, and open hostility toward him, and asked that the matter be transferred to the Appellate Division, First Department. The Grievance Committee's chief counsel, by letter dated October 20, 1988, advised the respondent that he saw no basis for such a transfer and again reminded him of the consequences of his failure to cooperate with the Committee (*see,* 22 NYCRR 691.4 *[l]* [1] [i]). In response, the respondent wrote to the chairman of the Grievance Committee asking that the full Committee consider his application for a transfer, but again he did not respond to the substance of the complaint. By letter dated November 3, 1988, the respondent was reminded, for a third time, of his obligation to cooperate with the Committee and advised that his continuing failure to respond to the substance of the Attorney-General's complaint might result in the Committee's request that he be suspended from the practice of

law. Again no response to the Attorney-General's complaint was forthcoming.

At its monthly meeting in November 1988, the Grievance Committee denied the respondent's request that the matter be transferred to the Appellate Division, First Department, and the chairman of the Committee thereupon wrote to the respondent, advised him of that determination, and further advised him that his failure to submit a written answer within 10 days of his receipt of the chairman's letter, responding in detail to the factual allegations of professional misconduct, would result in a motion by the Committee for his suspension from the practice of law. The respondent's letter in response did not address the charges contained in the complaint. The Grievance Committee thereupon applied to this court pursuant to 22 NYCRR 691.4 *(l)* (1) (i) for an order suspending the respondent from the practice of law pending consideration of the charges against him. Only when faced with the threat of suspension did the respondent file a written answer to the Attorney-General's complaint, and the Grievance Committee thereupon withdrew its motion.

Thereafter, by letter dated October 20, 1989, the Committee informed the respondent that his presence was required before it on November 13, 1989, for the purpose of giving testimony regarding its investigation of the Attorney-General's complaint. In reply the respondent, by letter dated November 6, 1989, stated, *inter alia,* that he would not appear unless the proceedings were open to the public and the press. Several days later the Committee reminded the respondent of his obligation to appear before it in a proceeding which would not be open to the public, and stated that if he failed to appear, it would again move for his suspension. Despite this, the respondent failed to appear before the Committee on November 13, 1989, as directed, although he subsequently asked that his November 6, 1989 letter be considered in lieu of his appearance. The Committee thereupon moved to suspend the respondent from the practice of law pending consideration of the charges against him pursuant to 22 NYCRR 691.4 *(l)* (1). The respondent then cross-moved to dismiss the proceeding pending against him before the Grievance Committee on various grounds or, alternatively, to require the Committee to accord him a public proceeding.

By decision and order dated November 30, 1989, this court denied the Committee's motion to suspend the respondent, on condition that the respondent appear before the Committee

"on a date and time to be determined by that Committee which shall be within 30 days of the date of this decision and order, to give testimony and to provide materials relevant to its pending investigation of allegations of professional misconduct involving the respondent". At that time this court stated that the respondent's failure to appear as directed would result in his suspension from the practice of law (see, 22 NYCRR 691.4 [l] [1]). The respondent's cross motion to dismiss the proceedings before the Grievance Committee was denied, as was his alternative request that the Committee hearing be made public, the court stating: "[No formal] disciplinary proceeding has yet been commenced, and the matter is merely in an investigatory stage. The need for confidentiality to promote the voluntary giving of evidence and to minimize outside interference with the investigatory process outweighs the interest of the respondent in being provided with a public forum during the investigatory process (see, e.g., People v Di Napoli, 27 NY2d 229; Matter of District Attorney of Suffolk County, 86 AD2d 294 [dealing with Grand Jury proceedings]). Accordingly, we conclude that good cause exists for the maintaining of the confidentiality of the proceeding at this juncture. Should a formal disciplinary proceeding be authorized by this court, the respondent may then request that the confidentiality afforded by Judiciary Law § 90 (10) and the Rules of this Court (22 NYCRR 691.4 [j]) be waived."

Pursuant to the decision and order of this court, dated November 30, 1989, the Grievance Committee directed the respondent to appear in its offices on December 13, 1989. On that date the respondent's attorney appeared without his client and informed the Committee that the respondent would be seeking relief in the Federal courts and would not be appearing. Thereafter a letter from the respondent's attorney was delivered to the Grievance Committee, and by letter dated December 19, 1989, the chairman of the Committee offered the respondent a final opportunity to appear before the Committee on January 8, 1990. On January 5, 1990, the respondent moved before this court for a stay of the Grievance Committee proceedings. On January 8, 1990, while the motion was sub judice, the respondent appeared at the Grievance Committee's offices but refused to enter the hearing room unless accompanied by an observer. The Committee denied his request, and the respondent departed. The respondent's motion for a stay of the Grievance Committee proceedings was denied by this court on January 16, 1990.

The Grievance Committee again moved for the respondent's suspension based upon his continued failure to cooperate in its investigation. By letter dated February 26, 1990, the respondent was informed by the clerk of this court that his request that the investigatory stage of the proceedings be bypassed and that the Grievance Committee proceed directly to a public disciplinary proceeding had been considered and denied by the court, but that the Committee's renewed motion for his suspension from the practice of law would, at the court's direction, be held in abeyance in order to afford the respondent yet another and final opportunity to appear before the Committee at a date and time to be determined by that body, "which shall be no later than March 15, 1990". A meeting of the Committee was thereupon scheduled for March 12, 1990, and the respondent was advised that he would be permitted to have an observer accompany him into the closed session. However, while the respondent appeared before the Committee at the appointed time, he refused to testify and renewed his request for additional documents and for another adjournment. These requests were granted, the respondent was provided with the documents he desired, and the respondent's appearance was adjourned on consent to May 7, 1990. On that date the respondent appeared with an observer, but again refused to testify, asserting that he was in the midst of a lengthy criminal trial in the Supreme Court, New York County, at which he was defending Reverend Alfred C. Sharpton, and that he could not permit his attention to be diverted from his representation of his client in that matter by the Committee's inquiries.

In response, counsel to the Grievance Committee pointed out that the Sharpton trial had been commenced after the May 7th appearance before the Committee had been scheduled, that the Trial Judge had agreed to accommodate the respondent by adjourning the trial in order that the respondent could appear before the Committee as scheduled and to give him the preceding three days to prepare and that the Committee had agreed to limit the scope of its inquiry to only the first of the complaints against him, to wit, the allegations underlying the complaint filed by the Attorney-General. The meeting of the Committee was concluded without the taking of testimony.

By letter dated May 10, 1990, the Committee now asks this court, pursuant to its order dated November 30, 1989, to suspend the respondent from the practice of law pending

consideration of the charges against him, subject to the respondent's being permitted to complete his representation of the defendant in the trial of *People v Alfred C. Sharpton*. The Committee's application is granted.

As this court pointed out in its decision and order dated November 30, 1989: "22 NYCRR 691.4 *(l)* (1) permits the suspension from the practice of law of an attorney who is the subject of an investigation or of charges by a Grievance Committee, pending consideration of the charges against the attorney, 'upon a finding that the attorney is guilty of professional misconduct immediately threatening the public interest'. It provides further that such a finding shall be based, *inter alia,* upon 'the attorney's * * * failure to submit a written answer to pending charges of professional misconduct or to comply with any lawful demand of this court or the Grievance Committee made in connection with any investigation' (22 NYCRR 691.4 *[l]* [1])."

The respondent has been repeatedly informed of his obligation as an attorney admitted to the practice of law in this State to comply with the lawful demands of the Grievance Committee, and of the consequences of his noncompliance. The Committee's investigation involves serious allegations of professional misconduct which have been made against the respondent, including knowingly making a false statement of fact in the representation of a client, counseling a client to refuse a lawful mandate of a Grand Jury, and rendering assistance to that client in order to evade arrest. We have consistently held that an attorney's failure to appear before the Grievance Committee and respond to allegations of serious professional misconduct and to assist the Committee in its investigation thereof poses an immediate threat to the public interest justifying the suspension of the attorney from the practice of law pending consideration of the charges against him *(see, Matter of Lampone,* NYLJ, Apr. 24, 1990, at 6, col 4; *Matter of Pedersen,* NYLJ, Apr. 6, 1990, at 24, col 6; *Matter of Selkin,* NYLJ, Apr. 6, 1990, at 24, col 5; *Matter of Metz,* NYLJ, Sept. 29, 1989, at 7, col 6). The fact that the attorney raises issues with respect to the jurisdiction of the Committee, or to the validity of the complaint filed against him, or to the invocation of the attorney-client privilege, does not affect his obligation to appear before that body when so requested and to cooperate with it.

The respondent has been given every reasonable opportunity to satisfy his obligation to cooperate with the Grievance

Committee's investigation. He has been treated in a most accommodating manner. This accommodation has, however, apparently been for naught, as seven months have elapsed since the Committee initially requested the respondent to appear before it and the respondent has still failed and refused to appear for the purpose of giving testimony and providing materials relevant to its investigation. While we can understand the respondent's desire to devote his full attention to his representation of his client during the pending criminal trial, and we have accommodated that desire in this opinion and order, we view the respondent's most recent actions as but another convenient excuse in a deliberate attempt to obstruct and impede the Committee's investigation. We find no basis to excuse the respondent from his refusal to fulfill his continuing obligation, as an attorney admitted to practice under the laws of the State of New York, to cooperate with the Grievance Committee in its investigation into allegations of serious professional misconduct (see, Code of Professional Responsibility DR 1-102 [A] [5]).

Accordingly, the respondent is suspended from the practice of law until the further order of this court (see, 22 NYCRR 691.4 [l]). The respondent shall, however, be permitted to complete his representation of the defendant in the pending trial of *People v Alfred C. Sharpton,* which trial is currently continuing in the Supreme Court, New York County, through the sentencing of the defendant, should he be found guilty.

MANGANO, P. J., THOMPSON, BRACKEN, BROWN and KUNZEMAN, JJ., concur.

Ordered that the renewed motion is granted; and it is further,

Ordered that the respondent, Alton H. Maddox, admitted under the name Alton H. Maddox, Jr., pursuant to section 691.4 (l) of the Rules Governing the Conduct of Attorneys (22 NYCRR 691.4 [l]) is immediately suspended from the practice of law in the State of New York, until the further order of this court, provided, however, that respondent shall be permitted to complete his representation of the defendant in a criminal proceeding entitled *People v Alfred C. Sharpton* (indictment No. 6761/89) now pending in the Supreme Court, New York County, such representation to continue through the sentencing of the defendant should he be found guilty therein; and it is further,

Ordered that after the service of the decision and order

herein upon the respondent, the respondent may not engage in the practice of law, except with respect to his representation of the defendant Alfred C. Sharpton in said criminal proceeding; and it is further,

Ordered that Alton H. Maddox shall promptly comply with this court's rules governing the conduct of disbarred, suspended and resigned attorneys (22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this court, except for the respondent's representation of the defendant Alfred C. Sharpton in said criminal proceeding, the respondent, Alton H. Maddox, is directed to desist and refrain (1) from practicing law in any form, either as principal or as agent, clerk or employee of another, (2) from appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, (3) from giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) from holding himself out in any way as an attorney and counselor-at-law.