OPINION OF THE COURT
Anthony A. Scarping, Jr., J.
In this proceeding, the claimant seeks an order pursuant to CPL 160.50 directing that certain records in respondents’ possession be sealed. The respondents oppose the application, and the respondent County of Nassau cross-moves for an order granting access to the records in connection with their defense of claimant’s pending action against them. The application is converted to a proceeding pursuant to CPLR 7803 (1). The petition is denied, and the cross motion is denied as moot.
The claimant is a former Assistant District Attorney in the Nassau County District Attorney’s office. On November 1, 1993, and prior to claimant’s resignation, he allegedly solicited sexual conduct for money from a 17-year-old woman who was seated in the waiting area of the District Attorney’s office. The young woman refused and reported the incident to police.
The police, working in conjunction with the District Attorney, arranged to have the young woman call and meet with the claimant. At the meeting, the claimant and the young woman discussed the specifics of claimant’s offer. Eventually, the young woman refused claimant’s offer and the meeting was ended. The meeting was recorded on video and audio tape. Upon being confronted with this information, the claimant tendered his resignation.
The Suffolk County District Attorney was appointed Special District Attorney to investigate whether the claimant’s conduct warranted criminal prosecution (see, County Law § 701). On *190 February 28,1994, the Special District Attorney issued a report of his investigation in which he concluded that there was no basis for a criminal prosecution.[1] No accusatory instrument was filed and no arrest was made.
In or about October 1994, the Special Prosecutor’s report was allegedly released to outside agencies and/or licensing boards upon request in connection with claimant’s applications for admission to the Bar in three States. On February 10, 1995, claimant brought the instant order to show cause. The claimant has also commenced a plenary civil action against respondents’ alleging violation of his civil and constitutional rights.
By order of the Hon. Joseph J. Trafacanti, Jr. dated May 1, 1995, the undersigned was temporarily assigned to the Supreme Court, Nassau County, to preside over this matter until disposition.
Before reaching the merits of claimant’s application, the respondents’ procedural objection must be resolved. The respondents contend that claimant’s application is in the nature of mandamus and is only cognizable in a special proceeding pursuant to CPLR article 78. Since the claimant alleges that a body or officer failed to perform a duty enjoined upon it by law (CPLR 7803 [1]), the respondents are clearly correct. However, claimant’s failure to follow the procedures set forth in CPLR 7804 does not mandate denial of the application. In such cases, the court must look to the substance rather than the form of the application (see, e.g., Matter of Doherty v Sanvidge, 58 Misc 2d 347).
The show cause order was filed within four months of the allegedly unauthorized release. Since the Statute of Limitations did not begin to run prior to the release, the action would have been timely commenced if it was otherwise proper as to form (see, CPLR 217).
The affidavit and affirmation in support of the order to show cause consist of plain and concise statements in consecutively numbered paragraphs (see, CPLR 3014), and the order to show cause contains a comprehensive recital of the relief demanded. When read together, the papers state a viable claim for relief pursuant to CPLR 7803 (1).
*191 In addition, the respondents cannot and do not claim any surprise or prejudice. The respondents acknowledged the pleading defect and fully answered the substantive allegations. Under these circumstances, the court elects to treat the claimant’s papers as a petition commencing an article 78 proceeding (see, Mundy v Nassau County Civ. Serv. Commn., 44 NY2d 352).
Turning now to the merits of the action, the court finds that the Special District Attorney’s investigative report and the audio and video tapes are not "official records * * * relating to [an] arrest or prosecution” (CPL 160.50 [1] [c]).
CPL 160.50 generally provides that upon the termination of a criminal action or proceeding in favor of an accused, the record of such action or proceeding shall be sealed. The purpose of CPL 160.50 is "to insure that one who is charged but not convicted of an offense suffers no stigma as a result of having once been the subject of an unsustained accusation” (see, Kalogris v Roberts, 185 AD2d 335, citing Matter of Hynes v Karassik, 63 AD2d 597, affd 47 NY2d 659, rearg denied 48 NY2d 656).
To effectuate its purpose, the statute delineates, inter alia, the nature and type of records subject to its provisions and the circumstances when those records are to be sealed. A brief discussion of these provisions is appropriate.
Pursuant to CPL 160.50 (1) (c), the records subject to a sealing order include "all official records and papers * * * relating to the arrest or prosecution.”
In Matter of Hynes v Karassik (supra), the Appellate Division, First Department, recognized a distinction between purely investigative records and official records relating to an arrest or prosecution: "In light of the specific problem presented in the course of this litigation, it seems appropriate to express our understanding that a tape recording made in the course of an investigation does not become an official record required to be sealed under the section [CPL 160.50] simply because it is marked in evidence as an exhibit in the course of a criminal trial. On the other hand, it would seem clear that the indictment itself is such an official record.” (63 AD2d 597, 598, supra.)
The Court of Appeals left this finding undisturbed (47 NY2d 659, but see, n 2, at 662 [indicating that this portion of the Appellate Division’s decision was not reviewed on the merits]).
Two courts in the Second Department have adopted and followed the holding in Matter of Hynes v Karassik (supra). In People v Neuman (104 Misc 2d 324), the Supreme Court *192 (McNab, J.) held that investigative and audit reports prepared by a Special Prosecutor were not "official records” within the meaning of CPL 160.50. In Matter of Anonymous (95 AD2d 763), the Appellate Division, Second Department, held that tape recorded statements, which had been suppressed at respondent’s criminal trial, did not constitute part of the official records and papers relating to the criminal proceeding.
The Court of Appeals finally got its chance to address this issue in Matter of Dondi (63 NY2d 331). In Matter of Dondi, an attorney who had been acquitted after trial of bribing a witness became the subject of a professional disciplinary proceeding. The Grievance Committee wrongfully acquired sealed records, and Mr. Dondi brought suit seeking dismissal of the disciplinary complaint. The Grievance Committee contended that the tape recordings made in the course of the underlying investigation of the criminal charges were outside the scope of CPL 160.50. Although the Court disagreed, they acknowledged and left undisturbed the holding in Karassik (supra). Instead, the Court distinguished Karassik on factual grounds stating, "on the facts of this case, it is clear that the tapes were subject to the sealing order” (63 NY2d 331, 337, supra). The Court went on to find: "CPL 160.50 mandates the sealing of 'all official records and papers * * *relating to the arrest or prosecution * * * on file with * * *any court, police agency, or prosecutor’s office’ [emphasis in original] * * *This broad and inclusive statement should be read to include a tape recording that was integral to both appellant’s arrest and his prosecution” (emphasis added).
The dispositive factor in all of these cases is the relationship between the investigative record and the resulting arrest and/or prosecution. The court’s research has not disclosed a single reported case where investigative records were sealed pursuant to CPL 160.50 in the absence of either an arrest or a prosecution.[2] In addition, at least one commentator has recognized the requirement that investigative records must relate to an arrest or prosecution to be afforded protection pursuant to CPL 160.50. "Sealing also includes evidence developed during the investigation that preceded the action, if related to the arrest for its prosecution or to the prosecution itself” (Preiser, Practice Commentaries, McKinney’s Cons Laws of NY, *193 Book 11 A, CPL 160.50, at 713 [emphasis added]). Thus, in view of the clear language of the statute and the controlling case law, this court finds that the investigative records at issue are not official records relating to an arrest or prosecution, and are, therefore, outside the scope of CPL 160.50.
Claimant’s reliance on CPL 160.50 (3) (i) is misplaced for two reasons. First, subdivision (3) merely defines the circumstances wherein a criminal action or proceeding is terminated in favor of an accused. It clearly is not intended to alter the nature or type of records subject to sealing upon such termination. In each of the cases cited above, the action or proceeding was concededly terminated in favor of the accused. This fact did not automatically result in the sealing of investigatory records.
Secondly, the legislative history of CPL 160.50 (3) (i) indicates that the purpose of the subdivision was to remedy a specific deficiency in the statute. Prior to the enactment of subdivisions (3) (i) and (j), a court order was needed to affect the sealing provisions. A common practice among prosecutors in certain counties was to elect not to prosecute certain matters after an arrest had been made, but prior to the filing of an accusatory instrument. Since no accusatory instrument was ever filed, no court order was issued. CPL 160.50 (3) (i) and (j) filled the gap by requiring a prosecutor or a police agency to file a certification of disposition whenever they elected not to prosecute (see, Governor’s Mem in support of L 1977, ch 905, 1977 McKinney’s Session Laws of NY, at 2453). Nowhere in the statutory language or the legislative history is there found any indication that CPL 160.50 (3) (i) was intended to alter the plain meaning of the other provisions of the statute as well as the case law interpreting those provisions.
Two other points raised by the claimant warrant discussion. Claimant contends that the definition of "criminal proceeding” includes criminal investigations (see, CPL 1.20 [18]), and, therefore, any reports that are generated as a result of that investigation are to be sealed. This reasoning overlooks the separate and distinct language used in the statute to describe the items subject to a sealing order. The statute includes (1) photographs, palm prints, and fingerprints taken or made pursuant to article 160 "in regard to the action or proceeding” (CPL 160.50 [1] [a]); and (2) all official records and papers "relating to the arrest or prosecution” (CPL 160.50 [1] [c]). These are two different classes of items. Claimant’s interpretation requires the conclusion that "relating to the arrest or prosecution” really means "in regard to the action or proceeding.” *194 This court is not at liberty to adopt an interpretation so at odds with the fundamental rules of statutory construction.
Claimant also contends that an uncharged, prospective defendant should be entitled to the same protection as any other person. While this may be so, the Legislature has decided to confer the benefits of CPL 160.50 only upon those who have been stigmatized by arrest or charged with criminal wrongdoing, and then, only as to those investigative records which are "official records relating to the arrest or prosecution”. The claimant does not fall into either of those categories.
It may well be that stigma attaches to the target of a Special District Attorney’s investigation, but it is the Legislature’s prerogative to extend the protection afforded by the statute to the claimant and others similarly situated. It would be improper for this court to strain and stretch the plain language of a statute and ignore precedent from the Appellate Division and the Court of Appeals to achieve a result that may appear reasonable under the facts presented in a single case.
In accordance with the foregoing, the claimant’s application is denied. The cross motion is denied as moot.[3]

. While the alleged conduct may arguably constitute the offense of patronizing a prostitute in the fourth degree, a B misdemeanor (Penal Law § 230.03; see also, People v Bronski, 76 Misc 2d 341), most of the more serious crimes require that the person patronized, solicited, or endangered be less than 17 years old (see, e.g., Penal Law arts 230, 100, 260).

. Of course, the records of Grand Jury investigations are routinely sealed even in the absence of any arrest or prosecution pursuant to CPL 190.25 (see, e.g., Matter of District Attorney of Suffolk County, 86 AD2d 294, affd, 58 NY2d 436; see also, Sanchez v City of New York, 201 AD2d 325).

. If, for any other reason, respondent County of Nassau determines that it is necessary or advisable to obtain a court order granting them access to the records in the context of the plenary action, such application is more appropriately addressed to the court in which the action is pending.