■ In the Matter of ST. FRANCIS HOSPITAL-POUGHKEEPSIE, Appellant, v ELIOT SPITZER, as Attorney General of the State of New York, Respondent. [725 NYS2d 447] —Mercure, J. P. Appeal from an order of the Supreme Court (Keegan, J.), entered October 24, 2000 in Albany County, which, *inter alia*, partially denied petitioner's motion pursuant to CPLR 2304 to quash a subpoena duces tecum.

In 1997, respondent's Special Projects Division (hereinafter SPD), operating from its office in the City of Pearl River, Rockland County, investigated the billing practices of Comprehensive Habilitation Services (hereinafter CHS) and certain affiliated organizations in that area of the State. From its investigation, the SPD learned that petitioner had entered into an agreement with CHS under which CHS was to coordinate the provision of hospital services at petitioner's part-time clinics. In furtherance of that investigation, on August 12, 1997, the SPD issued petitioner a Grand Jury subpoena duces tecum (hereinafter the August 1997 subpoena).

In 1999, respondent's Medicaid Fraud Control Unit (hereinafter MFCU), operating from its regional office in the City of Albany, commenced its own investigation into CHS's practices in upstate New York. In December 1999, respondent requested that petitioner produce certain documents relating to its relationship with CHS. In response to an inquiry by petitioner's counsel as to whether the records were being requested pursuant to 18 NYCRR 504.3 or in response to a Grand Jury subpoena, a Special Assistant Attorney General stated that the request was being made pursuant to 18 NYCRR 504.3, but stressed that "[t]his is not to say that we will or will not request information pursuant to a grand jury subpoena at a later date, nor do we waive any right to do so." With petitioner's consent, the materials that petitioner had provided in response to the August 1997 subpoena, which were still in the possession of the SPD, were constructively returned to petitioner by means of forwarding them directly to the MFCU.

In July 2000, respondent empaneled a Grand Jury in Albany County to consider CHS's alleged criminal activity in the upstate area. In connection with that investigation, respondent issued petitioner a subpoena duces tecum (hereinafter the subpoena) requesting, for the period from January 1995 to the subpoena's July 18, 2000 issuance date, *inter alia*, all correspondence in petitioner's possession relating to its agreement with CHS; bank records relating to that agreement; records relating to the transfer of property or services from petitioner to CHS; correspondence with any governmental agency relating

to the conduct of outpatient clinics, the payment of services with public funds and the agency's authorization of petitioner's agreement with CHS; petitioner's procedure manuals relating to its relationship with CHS; all minutes from meetings of petitioner's "operation committee" and board of directors; and any internal investigation records of petitioner's relationship with CHS.

Petitioner moved pursuant to CPLR 2304 to quash the subpoena on the grounds that it was issued in bad faith, is overly broad and seeks privileged information. Supreme Court partially granted petitioner's application by quashing so much of the subpoena as sought production of "voucher copies, check copies, bills for services rendered by CHS for April 1995-1997, and CHS billing sheets from 1996-1997." It also limited the production of all "operation committee" and board of director minutes to those pertaining to petitioner's relationship with CHS and quashed in its entirety a provision seeking any correspondence relating to any internal investigations by petitioner. The motion was denied in all other respects. Petitioner appeals.

We affirm. Initially, we are unpersuaded by the contention that the subpoena was issued in bad faith and for an improper purpose. Notably, the argument, which is largely founded upon the single-judge concurrence in *Matter of Aswad v Hynes* (80 AD2d 382) and the alternative theories that respondent improperly used its civil subpoena powers in furtherance of a criminal investigation or is using the threat of criminal prosecution to gain a civil advantage, is unsupported by any concrete evidence in the record (*see, Matter of Grand Jury Subpoenas for Locals 17, 135, 257 & 608 of United Bhd. of Carpenters & Joiners*, 72 NY2d 307, 316-317, *cert denied* 488 US 966; *Virag v Hynes*, 54 NY2d 437, 442-443; *Matter of Congregation B'Nai Jonah v Kuriansky*, 172 AD2d 35, 37-38, *appeal dismissed* 79 NY2d 895). Accordingly, the presumption of validity that attaches to Grand Jury subpoenas has not been overcome (*see, Virag v Hynes, supra*, at 442-443). Contrary to petitioner's contention, respondent by no means bound himself to exclusively civil or administrative remedies, and the record is devoid of evidence supporting the claim that the subpoena "is aimed at attempting to secure a civil recovery and is not in furtherance of a legitimate continuing criminal investigation." Further, in decrying the SPD's sharing of documents with MFCU, petitioner overlooks the fact that the transfer of records took place either at its instance or with its full knowledge and express consent.

Finally, we reject the contention that, as limited by Supreme Court's order, the subpoena is overly broad or seeks irrelevant material. Petitioner's additional contentions are either unpreserved or have been considered and found to be lacking in merit.

Peters, Carpinello, Rose and Lahtinen, JJ., concur. Ordered that the order is affirmed, without costs.