■ In the Matter of USHER SHAPIRO, Appellant, v CHASE MANHATTAN BANK, N. A., Respondent.—Appeal from order, Supreme Court, New York County, entered January 9, 1976, unanimously dismissed as academic, without costs and without disbursements. Order, Supreme Court, New York County, entered February 26, 1976, unanimously affirmed, without costs and without disbursements. The earlier order, denying an application to quash *in toto* a subpoena duces tecum issued by a Special Assistant Attorney-General in respect of bank records of movant's accounts granted the motion in part to restrict scope of the subpoena. On the basis of additional information supplied to the court, the later order vacated the restriction and restored the full scope of the subpoena as issued. Thus, the appeal from the first order which has been superseded, has become academic, and is dismissed accordingly; the Attorney-General has withdrawn his cross appeal therefrom. **The holding of our highest court in** *United States v Miller* **(425**

US 435), is directly in point (p 440): "These are the business records of the banks" and appellant "can assert neither ownership nor possession." "Since no Fourth Amendment interests of the depositor are implicated here, this case is governed by the general rule that the issuance of a subpoena to a third party to obtain the records of that party does not violate the rights of a defendant, even if a criminal prosecution is contemplated at the time the subpoena is issued" (p 444). And this appears to us to be so, whether addressed to a suppression motion, as in *Miller,* or to the quashing of a subpoena, as here. Concur—Markewich, J.P., Kupferman, Lupiano and Capozzoli, JJ. [84 Misc 2d 938.]