Memorandum. The order of the Appellate Division should be affirmed, with costs.
Petitioner’s challenges to the two subpoenas duces tecum, one addressed to him and the other to his bank, were properly rejected.* As to the former, Supreme Court found that "petitioner is employed by the Board of Education as a municipal servant * * * he is a public servant dealing with public funds, responsible for public records”. The Appellate Division found no occasion to disturb this finding, nor do we. Accordingly, the records sought to be produced were those of the board of education, the employing institution, and hence were not petitioner’s private property subject to his personal privilege against self incrimination (Beilis v United States, 417 US 85, 88-90; United States v White, 322 US 694, 699).
Additionally, the records sought from petitioner fall within the "required records exception” to the privilege against self incrimination (Shapiro v United States, 335 US 1). Petitioner was required to maintain records with respect to public moneys received and dispersed by him. It is of no significance for present purposes that the obligation of record-keeping was imposed by administrative regulation rather than by State statute.
As to the subpoena addressed to petitioner’s bank, it is clear that the records sought are not subject to the constitutional privilege against unreasonable searches and seizures (United States v Miller, 425 US 435). By similar token, inasmuch as the documents are the business records of the bank and not the personal property of petitioner, to require their production by the bank cannot be said to constitute a denial of petitioner’s privilege against self incrimination.
Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur in memorandum.
Order affirmed.

 Originally a District Attorney’s "request” subpoena was served on petitioner, returnable at the District Attorney’s office. After the institution of the present proceeding, that subpoena was withdrawn.