OPINION OF THE COURT
Raymond Harrington, J.
The People move this court for an order granting discovery of certain nontestimonial evidence from the defendant, Philip Miller, pursuant to CPL 240.40 (subd 2, par [b]).
That section provides in relevant part: “Upon motion of the prosecutor, and subject to constitutional limitation, the court in which an indictment *** is pending *** (b) may order the defendant to provide nontestimonial evidence.”
The statute goes on to list several common but by no means exclusive forms of nontestimonial evidence (see CPL 240.40, subd 2, par [b], els [i]-[vii]). The statute does not require a reciprocal demand be made by the defendant (see, e.g., People v Copicotto, 50 NY2d 222), nor does it require that the defendant intend to introduce such evidence at trial (cf. CPL 240.30, subd 1, as amd by L 1980, ch *529 220, eff June 10, 1980). It has been suggested, however, that such requests be “circumscribed by a showing to the court by a prosecutor of special need or justification” (Bellacosa, Practice Commentary, McKinney’s Cons Laws of NY, Book 11 A, Supplementary Pamphlet 1972-1980, CPL 240.40, p 322).
Specifically, the prosecutor requests:
1. A letter from one Steve George, a Regional Manager of Pharmaseal, Inc., presumably to the defendant, Philip Miller, in his capacity as Assistant Administrator of the North Shore University Hospital.
2. A letter from Tempo Travel Agency relating to airline tickets for hospital personnel, including defendant Miller; such letter presumably written to the defendant Philip Miller in his capacity as assistant administrator of the hospital.
3. Other documents which are records relating to the conduct of the business of North Shore University Hospital.
In the first instance, the request for Item No. (3), so-called “other documents”, is denied because there has not been a sufficient showing as to need and justification and the “[pjroperty” (CPL 240.10, subd 3) has not been specifically designated. The request is much too broad and the court declines to fashion an order that the defendant could not comply with,. without possible disclosure of “[attorneys’ work product” (CPL 240.10, subd 2), and which, alternatively, might require the court to review in camera voluminous material copied or kept by this former employee in his official capacity with the hospital.
As to the prosecutor’s other requests, the court is convinced of the specificity, special need and justification for the same based on the alleged consent recordings and the court’s examination of the Grand Jury minutes at the defendant’s request. There is little dispute of the possible probative value of these documents to the charges at hand, their inaccessibility through other sources, primarily the hospital itself, and the reasonableness of the request.
The discovery statute applies to nontestimonial evidence and by its very definition, precludes the compulsion of *530 incriminating testimonial communications (Fisher v United States, 425 US 391). The Fifth Amendment does not, however, protect the “content” of personal business records (Fisher v United States, supra; Matter of Grand Jury Proceedings [Martinez], 626 F2d 1051). But the compelled production of personally kept and maintained business records may result in a testimonial act of authentification which is protected by the Fifth Amendment privilege.
It also is self-evident that the production of nontestimonial evidence may result in highly probative incriminating evidence. It goes without saying that an order requiring a defendant to appear in a lineup or be fingerprinted may result in nearly conclusive proof of guilt. It is therefore of little weight for this defendant to argue that such discovery would be “an advance screening of planned defense”, or result in the defendant “assisting the People to meet their burden of proof at trial.”
The court is satisfied that the Fifth Amendment privilege does not protect the content of these documents (Couch v United States, 409 US 322; United States v White, 322 US 694; Wilson v United States, 221 US 361; Matter of Cappetta, 42 NY2d 1066).
Additionally, the court concludes that production of these documents by defense counsel in response to a discovery demand will not result in any unconstitutional compulsion by the defendant which will require the defendant to authenticate these records.
Admissibility of these documents at trial will depend on the ordinary rules of evidence but in no event will any evidence be adduced that would require the defendant to testimonially authenticate these documents, absent a waiver of his constitutional rights.
For these reasons, the court directs production of these two documents to the prosecutor forthwith.
It is so ordered.