# (September 22, 1983)

■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant-Respondent, v JOHN DOE, Respondent-Appellant. — Order, of the County Court, Suffolk County (John Vaughn, J.), entered June 21, 1983, quashing the subpoena duces tecum issued by the Grand Jury of Suffolk County to the Chemical Bank reversed, on the law, without costs, and the motion to quash denied. John Doe, a Justice of the Supreme Court, Suffolk County, brought this proceeding in the County Court, Suffolk County, to quash a subpoena duces tecum issued by the Grand

Jury of Suffolk County to Chemical Bank for the production of the bank's books and records reflecting Doe's transactions with the bank. Among the grounds urged by Doe was the alleged lack of relevance to the investigation of Doe's affairs being conducted by the Suffolk County Grand Jury. That investigation was triggered by newspaper reports that Doe had held a roadside meeting with another Judge in connection with the sentence meted out to a convicted prisoner and the allegation that Doe had made an excessive number of appointments as referee in foreclosure of an attorney with whom Doe's son shared offices. The District Attorney opposed the application solely on the ground of Doe's lack of standing. The County Court affirmed Doe's right to move to quash and afforded the District Attorney an ex parte, *in camera* hearing to establish relevance. The District Attorney declined the opportunity and a final order quashing the subpoena was entered. Both sides appealed and by order of the Appellate Division, Second Department, the appeal was transferred to this department. Critical to the determination of this appeal is the issue of standing, for if Doe lacks the power to move to quash the subpoena, all of the grounds urged by him in support of the application are of no moment. Bank records, although they may reflect transactions between the bank and its customers, belong to the bank. The customer has no proprietary or possessory interests in them. Hence, he cannot preclude their production (*United States v Miller*, 425 US 435; *Matter of Cappetta v Santucci*, 42 NY2d 1066; *Matter of Shapiro v Chase Manhattan Bank*, 53 AD2d 542). The rule is the same with respect to telephone records (see *People v Di Raffaele*, 55 NY2d 234). Accordingly, if the owner of the records, in this case the Chemical Bank, is not opposed to producing them, the customer is powerless to preclude their production. Accordingly, we hold that Doe has no standing to challenge the production of the bank's records. Hence, we do not reach the other questions raised by him. Concur — Murphy, P. J., Carro, Bloom and Fein, JJ.

Kassal, J., concurs in a memorandum as follows: I concur in result only and disagree with the conclusion by the majority that Doe lacks standing to challenge the relevance of the documents to be produced pursuant to the subpoena. Defendant-respondent-appellant Doe claims that the books and records of Chemical Bank, relating to his bank account, subpoenaed by the Suffolk County Grand Jury are irrelevant to any investigation being conducted and, accordingly, the subpoena should be quashed. Contrary to the view expressed by the majority, I find that Doe does have the requisite standing to contest the relevance of the documents, which are in the possession of a third party who has no direct interest in retaining or protecting them from scrutiny by the court mandate. Patently, the bank has no real motivation to challenge the disclosure of financial records of its depositor since production would only affect its customer, not the bank. This disinterest on the part of the bank is further evident from its failure to take any position on the issue on this appeal. The only party with any real interest is the depositor who, in my judgment, has a sufficient personal and proprietary interest to challenge the relevance of the documents and records sought. The authorities relied upon by the majority do not hold otherwise and are inapposite to Doe's assertion that he has standing to claim that the bank records are irrelevant to the Grand Jury investigation. The cited cases all hold that subpoenaed bank records may not be the subject of a challenge by a depositor, either on Fourth or Fifth Amendment grounds (*United States v Miller*, 425 US 435; *Matter of Cappetta v Santucci*, 42 NY2d 1066; *Matter of Shapiro v Chase Manhattan Bank*, 53 AD2d 542). None of the cases, however, deals with the situation where an interested party, other than the subpoenaed party, seeks to challenge the subpoena on the ground of relevance. While I disagree and conclude that Doe has standing to challenge production on the ground of relevance, I find that in terms of the clear and

stated purposes of the investigation, the records sought do have a relationship to the issues under investigation. In performing its investigatory function, a Grand Jury is vested with "broad exploratory power" (*Virag v Hynes,* 54 NY2d 437, 443) and, accordingly, Grand Jury subpoenas are accorded a strong presumption of validity which flows naturally from the nature of the function to be performed. On a motion to quash, the party must affirmatively establish, insofar as relevance is concerned, that the material bears no reasonable relationship to any legitimate object of the investigation (*Virag v Hynes, supra; Matter of Additional Jan. 1979 Grand Jury v Doe,* 50 NY2d 14, 21). As applied here, Doe has not made the required showing to affirmatively demonstrate either that the subpoena was issued in bad faith or is invalid for some other reason. Nor has it been clearly shown that the financial records have no possible bearing upon the subject of the investigation. Accordingly, upon the absence of the required showing that the records are irrelevant to the investigation, the motion to quash the subpoena duces tecum should have been denied.