■ MYRON SISKIN, as Assignee of REALTY PACE SETTERS, INC., Plaintiff, v 221 SULLIVAN STREET REALTY CORP. et al., Defendants. (Action No. 1.) BENJAMIN EISNER, Plaintiff, v E. & R. MAVIN CONSTRUCTION, LTD., et al., Respondents. VISTATECH ENTERPRISES, LTD., Nonparty Appellant. (Action No. 2.)—Order, Supreme Court, New York County (Harold Baer, Jr., J.), entered on or about December 6, 1989, denying the motion by nonparty Vistatech Enterprises, Ltd. to quash a subpoena duces tecum served on Vistatech's bank, unanimously affirmed, with costs.

Certain of the defendants (the Teitz defendants) in the underlying action alleged that the plaintiff Benjamin Eisner converted the proceeds of 21 checks given to him to purchase real property and make mortgage payments. Two of those checks, each in the amount of $1,050, were deposited into the bank account of the nonparty Vistatech in January and June of 1987. The Teitz defendants obtained a judicial subpoena duces tecum directed to Manufacturers Hanover Trust Co. (MHT) seeking, as here pertinent, copies of Vistatech's banking records for the period January 1986 through October 1989.

Vistatech moved to quash the subpoena essentially on the basis that it was overly broad and oppressive. The Teitz defendants urged that Vistatech, an importer/exporter of electronic equipment, had not satisfactorily explained how it came into possession of two checks payable to "Domare Estates, Inc." and earmarked for mortgage payments. The Supreme Court limited the subpoena to require MHT to produce Vistatech's records for 1986, 1987 and the first quarter of 1988, and denied Vistatech's motion to quash.

The Teitz defendants urge, for the first time on appeal, that Vistatech had no standing to challenge a subpoena directed to its bank, citing as authority *People v Doe* (96 AD2d 1018). We need not here determine whether the "standing" principle set forth in *People v Doe* should be limited to subpoenas issued by the government or a Grand Jury in criminal or quasi-criminal proceedings. *(See, Young v United States Dept. of Justice,* 882 F2d 633, 642, n 11, which suggests that the mere fact that bank customers have no Fourth Amendment interest in their bank records does not mean they have no privacy interest in a civil context.) Assuming that Vistatech had standing to challenge the subpoena, we find that the subpoena, as modified by the court, was not overly broad in the circumstances presented. Concur—Kupferman, J. P., Sullivan, Carro, Ellerin and Smith, JJ.