In the Matter of CONGREGATION B'NAI JONAH, Respondent-Appellant, v EDWARD J. KURIANSKY, as Deputy Attorney-General of the State of New York, Appellant-Respondent, et al., Respondent. (And Another Related Proceeding.)

Third Department, December 5, 1991

**APPEARANCES OF COUNSEL**

*Edward J. Kuriansky, Deputy Attorney-General* for Medicaid Fraud Control *(Arthur G. Weinstein* and *Donald H. Zuckerman* of counsel), appellant-respondent *pro se.*

*Meissner, Kleinberg & Finkel (Richard A. Finkel* and *George S. Meissner* of counsel), for respondent-appellant.

### OPINION OF THE COURT

YESAWICH JR., J.

In dispute are two subpoenas duces tecum issued by respondent Deputy Attorney-General for Medicaid Fraud Control (hereinafter respondent) in connection with an Albany County Grand Jury matter. One subpoena, dated August 17, 1990, is addressed to respondent Manhattan Savings Bank; it directs the bank to produce petitioner's bank records for a four-year period. Supreme Court denied petitioner's motion to quash this subpoena because of lack of standing and petitioner appeals.

The second subpoena duces tecum, dated October 10, 1990, requires petitioner, care of Benjamin Leser (petitioner's Rabbi and spiritual leader), to produce various books and records for a five-year period; among the records sought were those which "list members of and donors to [petitioner] such as membership lists/registers, mailing lists and donation registers; and * * * [c]opies of all receipts given to any donor for any monies received by [petitioner]". Supreme Court granted petitioner's motion to quash this subpoena. Respondent appeals this determination.

■ As it is a settled principle that a bank customer "has no proprietary or possessory interests in [bank records]" and hence "cannot preclude their production" *(People v Doe,* 96 AD2d 1018, 1019), petitioner's motion to quash the August 17, 1990 subpoena was properly rejected *(see, supra; see also, United States v Miller,* 425 US 435, 444; *Matter of Cappetta,* 42 NY2d 1066, 1067; *Matter of Doe Corp. I v Blumenkopf,* 118 AD2d 279, 282).

■ The application to quash the October 10, 1990 subpoena duces tecum, however, should also have been denied. In deciding otherwise, Supreme Court applied an inappropriate standard, namely, that which is used to judge the validity of a nonjudicial office subpoena. When an office subpoena is called into question the burden is on "the issuer to come forward with a 'factual basis' which establishes the relevancy of the items sought to the subject matter of the investigation" *(Virag v Hynes,* 54 NY2d 437, 442). In contrast, a Grand Jury subpoena such as the one at issue "enjoys a presumption of validity that requires the party challenging the subpoena to

demonstrate, by concrete evidence, that the materials sought have no relation to the matter under investigation" *(supra,* at 444). The bare assertion by petitioner, that its only connection with the adult care center under investigation is that the owner thereof is Leser's son-in-law and that petitioner had no dealings with any adult home or any other enterprise engaged in the business of providing medical or health-related services, is not sufficient *(see, supra).* Given respondent's affidavit which was submitted for in camera inspection by Supreme Court, we are of the view that this subpoena should not have been quashed for petitioner failed to prove that respondent engaged in either "an affirmative act of impropriety or bad faith" *(Matter of Grand Jury Subpoenas for Locals 17, 135, 257 & 608 [People],* 72 NY2d 307, 316-317, *cert denied* 488 US 966) or that the particular documents subpoenaed " 'have no conceivable relevance to [the] legitimate object of investigation by the * * * grand jury' " *(Virag v Hynes, supra,* at 444, quoting *Matter of Horowitz,* 482 F2d 72, 80, *cert denied* 414 US 867).

██ Nor are we favorably disposed to petitioner's argument that, in accordance with a fundamental tenet of the Jewish faith, the charitable contributions to petitioner were made in "confidence" and that compelled disclosure of the sources and beneficiaries of these contributions contravenes the clergyman-penitent privilege recognized by CPLR 4505. Although this statute is to be "accorded a broad and liberal construction" *(People v Shapiro,* 308 NY 453, 458), we are unpersuaded that the information asked for here comes under the rubric of a "confession or confidence" (CPLR 4505) or that it was "made with the purpose of seeking religious counsel, advice, solace, absolution or ministration" *(Matter of Fuhrer,* 100 Misc 2d 315, 320, *affd sub nom. Matter of Fuhrer v Hynes,* 72 AD2d 813, *lv denied* 48 NY2d 611).

██ Equally deficient is petitioner's parallel argument that its 1st Amendment rights are being disregarded. Even accepting Leser's statement in his affirmation that "surrender of the materials sought * * * will necessitate a violation of various substantial and significant Jewish legal and religious laws", and fully crediting counsel's assertions in petitioner's brief that execution of the subpoenas will invade petitioner's members' right to privacy of association and will force petitioner to violate a Jewish religious prohibition against incriminating coreligionists, enforcement of the subpoenas is nevertheless appropriate for "the infringement is outweighed by a compelling State interest, to which the information sought is sub-

stantially related, and * * * the State's ends may not be achieved by less restrictive means" *(Matter of Full Gospel Tabernacle v Attorney-General of State of N. Y.,* 142 AD2d 489, 493).

Unquestionably, the State has a profound interest in fighting corruption in the Medicaid industry and in enforcing its tax laws *(see, supra,* at 495; *Matter of Fuhrer, supra,* at 318-319). Resort to a Grand Jury is a fitting means of doing so *(Matter of Grand Jury Subpoenas for Locals 17, 135, 257 & 608 [People], supra,* at 312). Here, the in camera affidavit satisfactorily demonstrates that respondent is authorized to pursue the investigation at hand *(see,* Executive Law §§ 62, 63 [3]; *Matter of Doe Corp. I v Blumenkopf,* 118 AD2d 279, 282-283, *supra),* that the subpoenaed materials are substantially related to that investigation and that petitioner is sufficiently linked to its target. In view of the nature of the violations of law being probed, we find no less restrictive means available for obtaining relevant evidence *(see, Matter of Full Gospel Tabernacle v Attorney-General of State of N. Y., supra,* at 496).

CASEY, J. P., MIKOLL, LEVINE and CREW III, JJ., concur.

Ordered that the order is modified, on the law, without costs, by reversing so much thereof as granted the motion to quash the subpoena duces tecum dated October 10, 1990; said motion denied; and, as so modified, affirmed.