[693 NYS2d 135]

In the Matter of DOMENICK CRISPINO, a Suspended Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, July 29, 1999

### APPEARANCES OF COUNSEL

*Sherry K. Cohen* of counsel (*Thomas J. Cahill,* attorney), for petitioner.

No appearance for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent Domenick Crispino was admitted to the practice

of law in the State of New York by the Second Judicial Department on July 27, 1988. At all times relevant to this proceeding, respondent maintained an office for the practice of law within the First Judicial Department.

By motion dated June 30, 1997, the Departmental Disciplinary Committee sought an order pursuant to 22 NYCRR 603.4 (e) (1) (i) immediately suspending respondent from the practice of law until further order of the Court due to respondent's willful failure to cooperate with the Committee in its investigation into complaints filed by Audrey Foxx and Joseph Popack. We granted the motion. Respondent then moved to vacate our order, arguing that he had not been properly served and had not received actual notice of the Committee's motion. By order entered December 11, 1997, we vacated our order, but did so without prejudice to the Committee's renewal of the motion upon proper service. The Committee did not, at that time, seek renewal, insofar as respondent thereafter appeared to cooperate.

However, when respondent stopped cooperating, the Committee again moved for suspension pursuant to section 603.4 (e) (1) (i). The Committee now also sought suspension pursuant to section 603.4 (e) (1) (ii) and (iii) on the basis of other, uncontested, evidence of respondent's misconduct and his admissions under oath in connection with additional complaints, including misappropriation of client funds.

The notice of motion specifically stated that, pursuant to 22 NYCRR 603.4 (g), a suspended attorney who neither appears nor applies in writing for a hearing or reinstatement for six months from the date of the order of suspension may be disbarred without further notice. Respondent failed to respond to the motion for suspension, which we granted by order entered November 10, 1998. The Committee now moves for an order disbarring respondent under 22 NYCRR 603.4 (g) for his failure to respond as required to the order of suspension pursuant to 22 NYCRR 603.4 (e) (1) (i), (ii) and (iii). The Committee also indicates that it has received information that respondent has been indicted by a New York County Grand Jury for grand larceny in connection with his representation of three of the clients referenced in the suspension motion.

In view of the passing of more than six months after entry of our order of suspension on November 10, 1998, the motion for an order disbarring respondent pursuant to 22 NYCRR 603.4 (g) should be granted.

SULLIVAN, J. P., ROSENBERGER, NARDELLI, WILLIAMS and TOM, JJ., concur.

Motion granted, and respondent disbarred as an attorney and counselor-at-law in the State of New York, and the name of respondent stricken from the roll of attorneys and counselor-at-law in the State of New York, all effective immediately.