■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DOMENICK CRISPINO, Appellant. [748 NYS2d 718] —Judgment, Supreme Court, New York County (Michael Obus, J., at pretrial motions; William Wetzel, J., at jury trial and sentence), rendered January 9, 2001, convicting defendant under Indictment No. 8550/98 of grand larceny in the second degree and two counts each of grand larceny in the third degree and criminal possession of a forged instrument in the second degree, and sentencing him to a term of 5 to 15 years on the second-degree grand larceny conviction, consecutive to four concurrent terms of 2 to 6 years on the remaining convictions, unanimously affirmed.

Judgment, Supreme Court, New York County (Michael Obus, J., at pretrial motions; William Wetzel J., at plea and sentence), rendered January 9, 2001, convicting defendant under Indictment No. 4090/99 of criminal possession of stolen property in the second degree, six counts of forgery in the second degree, three counts of criminal possession of a forged instrument in the second degree and two counts of grand larceny in the third degree, and sentencing him to a term of 5 to 15 years on the second-degree possession of stolen property conviction, consecutive to 11 concurrent terms of 2 to 6 years on the remaining counts, unanimously modified, on the law, to the extent of vacating the convictions for criminal possession of a forged instrument under counts 8, 9 and 10 of the indictment and dismissing those counts, and directing that the sentences imposed on the convictions of grand larceny under counts 11 and 12 be served concurrently with the sentence imposed on the conviction of criminal possession of stolen property in the second degree, and otherwise affirmed.

Judgment, Supreme Court, New York County (Michael Obus, J., at pretrial motions; William Wetzel, J., at plea and sentence), rendered January 9, 2001, convicting defendant under Indictment No. 8223/99 of eight counts each of grand larceny in the second degree and criminal possession of stolen property in the second degree, 10 counts each of grand larceny in the third degree and criminal possession of stolen property

in the third degree, and 41 counts of criminal possession of a forged instrument in the second degree, and sentencing him to 16 concurrent terms of 5 to 15 years on the second-degree grand larceny and stolen property convictions, consecutive to concurrent terms of 2 to 6 years on the remaining convictions, unanimously affirmed.

The jury's verdict was based on legally sufficient evidence and was not against the weight of the evidence. There is no basis upon which to disturb the jury's determinations concerning credibility. The credible evidence clearly established all of the elements of the crimes charged.

The record supports the motion court's determination that the prosecution did not violate the confidentiality provisions of Judiciary Law § 90 (10) relating to attorney disciplinary proceedings. In any event, by the time of defendant's criminal trial, he had already been disbarred (*Matter of Crispino*, 259 AD2d 167), so that the documents at issue had become public records.

Defendant complains that the prosecution abused the grand jury process in subpoenaing his bank records after an indictment had already been voted, and that accordingly, the documents should have been precluded at trial (*see People v Natal*, 75 NY2d 379, *cert denied* 498 US 862). As a threshold matter, defendant has no standing to challenge the bank's production of its own records, since defendant, as a customer, has no proprietary interest in the records (*People v Doe*, 96 AD2d 1018, 1019). In any event, preclusion was not required since there was an ongoing grand jury investigation of the activities of defendant and an accomplice when the subpoenas were issued (*see Hirschfeld v City of New York*, 253 AD2d 53, 58, *lv denied* 93 NY2d 814; *Matter of Kuriansky v Seewald*, 148 AD2d 238, 242, *lv denied* 74 NY2d 616). Defendant's claims of an impairment of the grand jury process are unsupported by the record.

Contrary to defendant's claims, a proper foundation was laid for the admission of various bank records and checks (*see* CPLR 4518 [a]; *People v Cratsley*, 86 NY2d 81, 89; *People v Kennedy*, 68 NY2d 569, 579-580) and it was not necessary that the authenticating witness be a custodian of the records.

The court properly exercised its discretion in curtailing the exploration of collateral matters (*People v Aska*, 91 NY2d 979), and did not unduly restrict the presentation of a defense (*see Delaware v Van Arsdall*, 475 US 673, 678-679). The court's comments during defendant's summation were appropriate to prevent the jury from being misled by defendant's comments and improper instructions on the law (*cf. People v Bryant*, 247

AD2d 229, *lv denied* 91 NY2d 970), and did not lessen the People's burden of proof. Defendant's attempt to introduce his own affidavit into evidence was properly denied since the document constituted inadmissible hearsay (*People v Sibadan*, 240 AD2d 30, 38, *lv denied* 92 NY2d 861).

Defendant's claims of lack of geographical jurisdiction under Indictments Nos. 4090/99 and 8223/99 are waived by his guilty pleas (*People v Rivera*, 156 AD2d 177, *lv denied* 75 NY2d 923).

The court properly imposed consecutive sentences under Indictments Nos. 8550/98 and 8223/99 (*see* Penal Law § 70.25; *People v Day*, 73 NY2d 208). The People concede, however, that under Indictment No. 4090/99 the sentences for the two grand larcenies charged in the eleventh and twelfth counts should run concurrently with the term imposed for criminal possession of stolen property as charged in the first count since the charges refer to the same amount of money and are not differentiated as to time or location. Furthermore, the convictions for criminal possession of a forged instrument under the eighth, ninth and tenth counts of Indictment No. 4090/99 should be vacated and dismissed pursuant to Penal Law § 170.35.

We perceive no basis for a reduction of sentence.

We have considered and rejected defendant's remaining claims. Concur—Andrias, J.P., Rosenberger, Marlow and Gonzalez, JJ.