People v Sealy (2020 NY Slip Op 02054)





People v Sealy


2020 NY Slip Op 02054


Decided on March 25, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 25, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
FRANCESCA E. CONNOLLY
VALERIE BRATHWAITE NELSON
PAUL WOOTEN, JJ.


2019-07265
 (Ind. No. 18-01059)

[*1]The People of the State of New York, appellant,
v
Joey Sealy, respondent.


Anthony A. Scarpino, Jr., District Attorney, White Plains, NY (Brian R. Pouliot and William C. Milaccio of counsel), for appellant.
Clare J. Degnan, White Plains, NY (Debra A. Cassidy of counsel), for respondent.



DECISION & ORDER
Appeal by the People from an order of the County Court, Westchester County (David S. Zuckerman, J.), entered May 3, 2019. The order, insofar as appealed from, granted that branch of the defendant's omnibus motion which was pursuant to CPL 210.35(5) to dismiss the indictment.
ORDERED that the order is reversed insofar as appealed from, on the law and the facts, that branch of the defendant's omnibus motion which was pursuant to CPL 210.35(5) to dismiss the indictment is denied, the indictment is reinstated, and the matter is remitted to the County Court, Westchester County, for further proceedings on the indictment.
A grand jury returned an indictment against the defendant charging him with attempted assault in the first degree (Penal Law §§ 110.00, 120.10[1]), assault in the second degree (Penal Law § 120.05[2]), and criminal possession of a weapon in the third degree (Penal Law § 265.02[1]), arising from an alleged stabbing incident on August 18, 2018, in the City of Mount Vernon. In an omnibus motion, the defendant sought, inter alia, to dismiss the indictment on the grounds that the grand jury proceedings were defective and that the charges were not supported by legally sufficient evidence before the grand jury. The County Court, upon its own examination of the grand jury minutes, determined, sua sponte, that there was a potential issue as to a portion of the grand jury instructions. The court granted that branch of the defendant's omnibus motion which was pursuant to CPL 210.35(5) to dismiss the indictment, determining that the prosecutor incorrectly instructed the grand jurors. The People appeal, and we reverse.
A grand jury proceeding is "defective," warranting dismissal of the indictment, where the "proceeding . . . fails to conform to the requirements of [CPL article 190] to such degree that the integrity thereof is impaired and prejudice to the defendant may result" (CPL 210.35[5]). Dismissal of an indictment under CPL 210.35(5) is an "exceptional remedy" that "should . . . be limited to those instances where prosecutorial wrongdoing, fraudulent conduct or errors potentially prejudice the ultimate decision reached by the Grand Jury" (People v Huston , 88 NY2d 400, 409).
Here, we disagree with the County Court's dismissal of the indictment based on the prosecutor's instructions to the grand jurors. The instructions were adequate and did not impair the integrity of the grand jury proceeding (see People v Valles , 62 NY2d 36, 38).
Accordingly, we reinstate the indictment and remit the matter to the County Court, Westchester County, for further proceedings on the indictment.
MASTRO, J.P., CONNOLLY, BRATHWAITE NELSON and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court