| People v Delitta |
|:---:|
| 2022 NY Slip Op 34777(U) |
| April 26, 2022 |
| County Court, Westchester County |
| Docket Number: Indictment No. 70240-21 |
| Judge: Robert J. Prisco |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

COUNTY COURT: STATE OF NEW YORK
COUNTY OF WESTCHESTER
-------------------------------------------------------------------x
THE PEOPLE OF THE STATE OF NEW YORK

        -against-

LAURIEANNE DELITTA,

                           **Defendant.**
-------------------------------------------------------------------x
**ROBERT J. PRISCO, J.**

**FILED**

APR 22 2022

TIMOTHY C. IDONI
COUNTY CLERK
COUNTY OF WESTCHESTER

**DECISION & ORDER**

**Indictment No: 70240-21**

Legacy # 763/21

Defendant **LAURIEANNE DELITTA** is charged by Indictment Number 70240-21 with eight counts of Grand Larceny in the Second Degree pursuant to Penal Law [PL] § 155.40 (1) [Counts One through Eight] and two counts of Unauthorized Practice of a Profession pursuant to New York Education Law § 6512 (1) [Counts Nine and Ten]. Counts One through Eight pertain to Defendant's alleged misappropriation of funds from eight (8) clients whom she represented, the value of each fund exceeding fifty thousand dollars, by transferring such funds into business and personal accounts under the defendant's control, during an aggregate time period of January 20, 2017 through March 22, 2021. Counts Nine and Ten pertain to Defendant's alleged practice, offer to practice, and holding herself out as being able to practice law, without a license to do so, from December 6, 2020 through December 10, 2020 and from January 27, 2021 through February 5, 2021.

On November 10, 2021, Defendant was arraigned by the Honorable David S. Zuckerman on the charges contained in Indictment Number 70240-21. Attached to the indictment is the People's Demand for a Notice of Alibi pursuant to CPL § 250.20.

On December 9, 2021, the People filed a Certificate of Compliance[1] pursuant to CPL § 245.50 (1), which includes a "Statement of Readiness," wherein the People confirmed and announced their readiness for trial "on all counts charged." Attached to the Certificate of Compliance is a copy of the People's Discovery Disclosure Index pursuant to CPL §§ 245.20 and

---

[1] While the Certificate of Compliance and Discovery Disclosure Index attached thereto are labeled as "Supplemental," such was done in error (*see* Page 6 of the People's Affirmation in Opposition).

1

245.50, and Discovery Package Transmittal Notices from the Westchester County District Attorney's Office.

On December 10, 2021, the People filed a Supplemental Certificate of Compliance pursuant to CPL §§ 245.50 (1) and 245.60, wherein the People again confirmed and announced their readiness for trial "on all counts charged in this matter." Attached to the Supplemental Certificate of Compliance is a copy of the People's Supplemental Discovery Disclosure Index pursuant to CPL §§ 245.20 and 245.50, which includes additional disclosures.[2]

On January 12, 2022, the People filed a second Supplemental Certificate of Compliance pursuant to CPL §§ 245.50 (1) and 245.60.[3] Attached to the second Supplemental Certificate of Compliance is a copy of the People's second Supplemental Discovery Disclosure Index pursuant to CPL §§ 245.20 and 245.50, and two (2) Discovery Package Transmittal Notices from the Westchester County District Attorney's Office pertaining to the transmittal of "Grand Jury Minutes" to defense counsel.

On or about March 17, 2022, Defendant filed a "Notice of Omnibus Motion" (hereinafter "Notice of Motion") and an Affirmation in Support of Omnibus Motion (hereinafter "Affirmation in Support"), seeking various forms of judicial intervention and relief.

On April 4, 2022, the People filed an Affirmation in Opposition and a Memorandum of Law. The Court has also been provided with unredacted certified copies of the stenographic transcripts of the October 21, 26, and November 4, 2021 Grand Jury proceedings, along with copies of the Grand Jury Exhibits.

After consideration of the above referenced submissions and the unredacted certified stenographic transcripts of the October 21, 26, and November 4, 2021 Grand Jury proceedings, the Court decides Defendant's Motion as follows:

---

[2] The disclosures include an "[e]xcel file authored by M. Frenza" and a "PDF authored by M. Frenza, titled: 'Laurieanne Delitta Witness Activity.'"

[3] Within the second Supplemental Certificate of Compliance, the People confirmed and announced their readiness for trial "on all counts charged in this matter."

## 1. DEMAND TO PRODUCE; REQUEST FOR BILL OF PARTICULARS.

Citing repealed CPL § 240.20,[4] Defendant moves for discovery and provides a list of items, property and information that she is seeking, which includes a request for materials pursuant to *Brady v Maryland*, 373 US 83 (1963), and *Giglio v United States*, 405 US 150 (1972) (*see* Point II, Page 1, of Defendant's Notice of Motion and Point II, Pages 4-14, of Defendant's Affirmation in Support).

Citing CPL § 200.95, Defendant also "requests that the prosecutor serve upon [Defendant and her] counsel, within 15 days of the service of this motion, a Bill of Particulars," contending that "[w]ithout this information, the defendant can neither properly understand the charges brought against [her] nor prepare or conduct an adequate defense" (*see* Point I, Pages 2-3, of Defendant's Affirmation in Support and Point I, Page 1, of Defendant's Notice of Motion). If the People fail or refuse to comply with such request, Defendant moves "for an Order pursuant to C.P.L. § 200.95 (5), directing such compliance, or alternatively, for an Order pursuant to C.P.L. 240.70 (1), prohibiting the introduction into evidence upon the trial of this matter any testimony or other evidence concerning the factual information requested in the [r]equest" (*see* Point I, Page 3, of Defendant's Affirmation in Support).

In response, the People assert that "Defendant's motion for further discovery should be denied to the extent it exceeds CPL Article 245" (*see* Point II, Page 2, of the People's Memorandum of Law). The People further submit that "[a]ny motion by defendant for discovery within the parameters of CPL Article 245 is moot because, to the extent such material exists and is in [the] possession or control of the People, it has or will be provided to defendant" (*see* Point II, Page 2, of the People's Memorandum of Law). Additionally, the People contend that "Defendant's motion for a bill of particulars should be denied" because they "never received any request from defendant" (*see* Point I, Page 1, of the People's Memorandum of Law). Additionally, the People aver that "[t]o the extent defendant's motion can [be] viewed as a request, it is untimely" and that given the amount of discovery Defendant has received, such request is "also unnecessary, as defendant has more than adequate information to conduct a defense" (*see* Point I, Page 1, of the People's Memorandum of Law).

---

[4] This portion of Defendant's motion is interpreted as being brought pursuant to CPL Article 245, which replaced CPL Article 240, effective January 1, 2020.

3

Pursuant to CPL § 245.50 (1), the People served and filed a Certificate of Compliance dated December 9, 2021, with a Discovery Disclosure Index and Discovery Package Transmittal Notices identifying the material and information that was provided and made available to Defendant. On December 10, 2021, the Court received a copy of the People's Supplemental Certificate of Compliance and Supplemental Discovery Disclosure Index identifying the additional items that were provided to defense counsel. Finally, on January 12, 2022, the Court received a copy of the People's second Supplemental Certificate of Compliance, second Supplemental Discovery Disclosure Index and Discovery Package Transmittal Notices identifying further items that were provided to defense counsel. The Certificate of Compliance and Supplemental Certificates of Compliance indicate that, after exercising due diligence and making reasonable inquiry to ascertain the existence of material and information subject to discovery, the People have disclosed and made available to Defendant all known material and information subject to discovery.

Accordingly, as the People have presumably satisfied the requirements of CPL § 245.50 (1) by providing the discovery required by CPL § 245.20 (1), serving upon the defendant and filing with the Court a Certificate of Compliance and Supplemental Certificates of Compliance, and by specifically identifying the material and information provided, Defendant's request for discovery and production is denied as moot. If Defendant has specific challenges or questions related to the People's disclosure representations within the Certificate of Compliance or Supplemental Certificates of Compliance, such challenges or questions must be addressed by motion (CPL § 245.50 (4)). If there are no specific challenges or questions thereto, Defendant should have performed her reciprocal discovery obligations, subject to constitutional limitations, no later than thirty (30) calendar days after being served with the second Supplemental Certificate of Compliance (CPL § 245.20 (4)).

Notwithstanding the above, CPL § 245.20 (2) directs the prosecutor to make a diligent, good faith effort to ascertain the existence of material and information discoverable under CPL § 245.20 (1) and to cause such material or information to be made available for discovery where it exists but is not within the prosecutor's possession, custody or control. If the People subsequently learn of additional discoverable material or information, they must expeditiously notify and disclose such material and information to the defense, including material or information

4

that becomes relevant to the case or discoverable based on reciprocal discovery received from the defendant (*see* CPL § 245.60). In such case, they are also required to serve upon Defendant and file with the Court an additional Supplemental Certificate of Compliance identifying the additional material and information provided (CPL § 245.50 (1)).

The People are also respectfully reminded to remain cognizant of their discovery obligations not only as required by *Brady, Giglio, People v Geaslen*, 54 NY2d 510 [1981], and their respective progeny, but also as mandated by CPL Article 245. Specifically, CPL § 245.20 (1) (k) requires that the prosecutor disclose "[a]ll evidence and information, including that which is known to police or other law enforcement agencies acting on the government's behalf in this case, that tends to: (i) negate the defendant's guilt as to a charged offense; (ii) reduce the degree of or mitigate the defendant's culpability as to a charged offense; (iii) support a potential defense to a charged offense; (iv) impeach the credibility of a testifying prosecution witness; (v) undermine evidence of the defendant's identity as a perpetrator of a charged offense; (vi) provide a basis for a motion to suppress evidence; or (vii) mitigate punishment" and such disclosure must occur expeditiously upon its receipt, "whether or not such information is recorded in tangible form and irrespective of whether the prosecutor credits the information."

Pursuant to CPL § 245.20 (1) (l), the People must also disclose "a summary of all promises, rewards and inducements made to, or in favor of, persons who may be called as witnesses, as well as requests for consideration by persons who may be called as witnesses and copies of all documents relevant to a promise, reward or inducement."

To the extent that such evidence and information is known but has not yet been disclosed, the People are directed to do so expeditiously. Additionally, should the People ascertain the existence of *Brady, Geaslen*, or *Giglio* material, or of any of the materials and information itemized in CPL § 245.20 (1) (k) and (l), through their mandated diligent, good faith effort to do so or otherwise, they are directed to expeditiously disclose the same upon its receipt.

As to Defendant's request for a bill of particulars, CPL § 200.95 (2) requires that "[u]pon a timely request for a bill of particulars...the prosecutor shall within fifteen days of the service of the request [for such] or as soon thereafter as is practicable, serve upon the defendant or his/her attorney, and file with the court, the bill of particulars." Pursuant to CPL § 200.95 (3), "[a] request for a bill of particulars shall be timely if made within thirty days after arraignment and before the

5

[* 5]

commencement of trial" and "the court may direct compliance with a request for a bill of particulars that, for good cause shown, could not have been made within the time specified."

To the extent that Defendant's demand for a bill of particulars is now being made through her Omnibus Motion, the Court is unaware of any good cause as to why such a request could not have been made within thirty days after arraignment and, thus, it is untimely.

Further, the factual information provided on Pages 1-6 of the People's Affirmation in Opposition specifically sets forth the allegations upon which the charges are based. Accordingly, Defendant's motion to preclude the People from introducing evidence at trial not supplied in response to her request for a bill of particulars is likewise denied because "[a] criminal bill of particulars is not a discovery device, but merely serves to clarify the indictment" and the referred to pages of the People's Affirmation in Opposition accomplish that (*People v Ramlall*, 99 AD3d 815, 816 [2d Dept 2012]; *see People v Davis,* 41 NY2d 678, 680 [1977]; *People v Perillo*, 144 AD3d 1399, 1403-1404 [3d Dept 2016], *lv. denied* 29 NY3d 951; *People v Zurita,* 64 AD3d 800, 801 [2d Dept 2009], *lv. denied* 13 NY3d 840 [2009]; *People v Earel,* 220 AD2d 899, 899 [3d Dept 1995], *aff'd* 89 NY2d 960 [1997]). Moreover, a bill of particulars need not set forth the evidence that the People intend to introduce at trial (*see* CPL § 200.95 (1); *People v Ramlall,* 99 AD3d at 816; *People v Zurita,* 64 AD3d at 801; *People v Earel,* 220 AD2d at 899) since "[t]he sole function of a bill of particulars is to define more specifically the crime or crimes charged in the indictment" (*People v Davis*, 41 NY2d at 679).

## 2. MOTION FOR RELEASE OF THE GRAND JURY MINUTES TO DEFENDANT, INSPECTION THEREOF, AND DISMISSAL OR REDUCTION OF THE CHARGES CONTAINED IN INDICTMENT NUMBER 70240-21 DUE TO THE LEGAL INSUFFICIENCY OF THE EVIDENCE PRESENTED AND THE INSTRUCTIONS PROVIDED.

Citing CPL §§ 210.20 (1) (c), 210.35 (5), and 210.30, Defendant moves for inspection of the Grand Jury minutes and dismissal or reduction of the counts contained in Indictment Number 70240-21, "on the ground that the evidence before the grand jury was legally defective due to errors in the charge[s] and instructions by the District Attorney and legally insufficient to sustain each count of the instant Indictment" (*see* Points III and IV, Page 1, of Defendant's Notice of Motion and Point III, Page 15, of Defendant's Affirmation in Support). Additionally, Defendant

6

contends that "the People should be ordered to hand over to defense counsel any testimony of witnesses before the grand jury which may aid counsel in furtherance of [her] motion to dismiss or reduce the indictment" (*see* Point III, Page 15, of Defendant's Affirmation in Support).

In their response, the People consent to an in-camera inspection of the Grand Jury minutes by the Court only, contend that the indictment is supported by legally sufficient evidence (*see* Point III, Pages 3-4 and 7, of the People's Memorandum of Law), and assert that "Defendant has failed to meet [her] high burden of showing the existence of any error in the grand jury proceeding which rendered it defective" (*see* Point III, Page 5, of the People's Memorandum of Law). Additionally, "the People concede that dismissal of Counts [Nine] and [Ten] of the instant indictment is warranted" (*see* Point III, Pages 4-5, of the People's Memorandum of Law) as "[New York Education Law] § 6512 only applies to professions for which the New York State Education Department issues licenses [and] law is not one of these professions" (*see* Point III, Pages 4-5, of the People's Memorandum of Law).

Initially, regarding Defendant's request for the Grand Jury minutes in their entirety, this Court notes that CPL § 245.20 (1) (b) provides for automatic discovery of "[a]ll transcripts of the *testimony* of a person who has testified before a grand jury" (emphasis added). Similarly, CPL § 210.30 (3), which addresses motions to inspect grand jury minutes speaks only to the release of "grand jury *testimony* (emphasis added)." Accordingly, as there exists no statutory authority for the release to Defendant of those portions of the Grand Jury minutes that constitute colloquy or instructions and as the People have complied with the discovery mandate of CPL § 245.20 (1) (b) by providing the defendant with the transcripts of the testimony of the ten (10) witnesses who testified before the Grand Jury,[5] the defendant's request for the Grand Jury minutes in their entirety is denied.

The Court has conducted an in-camera review of the entirety of the Grand Jury proceedings, having examined the unredacted certified copies of the stenographic transcripts of

---

[5] While the People initially elected to extend the time period for disclosure of the Grand Jury testimony by an additional thirty (30) days (*see* Discovery Disclosure Index dated December 9, 2021), they have since represented to the Court that on January 12, 2022, they "provided defendant with discoverable portions of the Grand Jury minutes" (*see* Page 6 of the People's Affirmation in Opposition, the second Supplemental Discovery Disclosure and the attached Discovery Package Transmittal Notices).

the October 21, 26, and November 4, 2021 proceedings. The record establishes that the twenty-one (21) grand jurors who deliberated and voted on the ten charges contained in Indictment Number 70240-21 were present throughout the three-day presentation of the case.

"Courts assessing the sufficiency of the evidence before a grand jury must evaluate 'whether the evidence, viewed most favorably to the People, if unexplained and uncontradicted – and deferring all questions as to the weight or quality of the evidence – would warrant conviction'" (*People v Mills*, 1 NY3d 269, 274-275 [2003], quoting *People v Carroll*, 93 NY2d 564, 568 [1999]; *see People v Bello*, 92 NY2d 523, 525 [1998]; *People v Jensen*, 86 NY2d 248, 251 [1995]; *People v Jennings*, 69 NY2d 103, 114 [1986]; *People v Castro*, 2022 NY Slip Op 00874 [2d Dept 2022]; *People v Booker*, 164 AD3d 819, 820 [2d Dept 2018]; *People v Hulsen*, 150 AD3d 1261, 1262 [2d Dept 2017], *lv. denied* 30 NY3d 950 [2017]; *People v Flowers*, 138 AD3d 1138, 1139 [2d Dept 2016]). Legally sufficient evidence is "competent evidence which, if accepted as true, would establish every element of an offense charged and the defendant's commission thereof" (CPL § 70.10 (1); *see People v Mills*, 1 NY3d at 274; *People v Franov*, 146 AD3d 978, 979 [2d Dept 2017]; *People v Wisey*, 133 AD3d 799, 800 [2d Dept 2015]; *People v Ryan* 125 AD3d 695, 696 [2d Dept 2015], *lv. denied* 25 NY3d 1077 [2015]). "In the context of a Grand Jury proceeding, legal sufficiency means prima facie proof of the crimes charged, not proof beyond a reasonable doubt" (*People v Jessup*, 90 AD3d 782, 783 [2d Dept 2011], quoting *People v Bello*, 92 NY2d at 526; *see People v Ryan*, 125 AD3d at 696; *People v Woodson*, 105 AD3d 782, 783 [2d Dept 2013]). This Court's inquiry is "limited to 'whether the facts, if proven, and the inferences that logically flow from those facts supply proof of every element of the charged crimes,' and whether 'the Grand Jury could rationally have drawn the guilty inference'" (*People v Bello*, 92 NY2d at 526, quoting *People v Deegan*, 69 NY2d 976, 979 [1987]; *see People v Pino*, 162 AD3d 910, 911 [2d Dept 2018]).

Here, the evidence presented to the Grand Jury, when viewed in the light most favorable to the People, was legally sufficient to establish and support the eight charges of Grand Larceny in the Second Degree contained in Indictment Number 70240-21. As the People have conceded that Counts Nine and Ten, charging Unauthorized Practice of a Profession, are not supported by legally sufficient evidence, such counts are dismissed.

A Grand Jury proceeding is "defective," warranting dismissal of the indictment, only where

8

[* 8]

the "proceeding . . . fails to conform to the requirements of CPL Article 190 to such degree that the integrity thereof is impaired and prejudice to the defendant may result" (CPL § 210.35 (5); *see People v Mitchell*, 188 AD3d 1101,1102 [2d Dept 2020]; *People v Sealy*, 181 AD3d 893, 894 [2d Dept 2020]; *People v Arevalo*, 172 AD3d 891, 892 [2d Dept 2019]; *People v Williams*, 171 AD3d 804, 805 [2d Dept 2019]). Dismissal of an indictment under CPL § 210.35 (5) is an "exceptional remedy" that "should . . . be limited to those instances where prosecutorial wrongdoing, fraudulent conduct or errors potentially prejudice the ultimate decision reached by the Grand Jury" (*People v Huston*, 88 NY2d 400, 409 [1996]; *see People v Addimando*, 197 AD3d 106, 121 [2d Dept 2021]; *People v Sealy*, 181 AD3d at 894; *People v Williams*, 171 AD3d at 805; *People v Burch*, 108 AD3d 679, 680 [2d Dept 2013], *lv. denied* 22 NY3d 1087 [2014]; *People v Thompson*, 81 AD3d 670, 671 [2d Dept 2011], *aff'd* 22 NY3d 687 [2014]). In the case at bar, the Court finds that no such wrongdoing, conduct or errors occurred.

While a prosecutor is required to instruct the grand jury on the law with respect to matters before it (*People v Valles*, 62 NY2d 36, 38 [1984]; *People v Tunit*, 149 AD3d 1110, 1110 [2d Dept 2017]; *People v Samuels*, 12 AD3d 695, 698 [2d Dept 2004]; *see* CPL § 190.25 (6)), "a Grand Jury need not be instructed with the same degree of precision that is required when a petit jury is instructed on the law" (*People v Calbud, Inc.,* 49 NY2d 389, 394 [1980]; *see People v Caracciola*, 78 NY2d 1021, 1022 [1991]; *People v Batashure*, 75 NY2d 306, 311 [1990]; *People v Goetz*, 68 NY2d 96, 115 [1986]; *People v Valles* 62 NY2d 36, 38 [1984]; *People v Tunit*, 149 AD3d at 1110; *People v Castaldo*, 146 AD3d 797, 798 [2d Dept 2017]; *People v Burch,* 108 AD3d at 680; *People v Malan-Pomaeyna*, 72 AD3d 988, 988 [2d Dept 2010]). It is well settled that such instructions are sufficient so long as they provide "enough information to enable [the grand jury] intelligently to decide whether a crime has been committed and to determine whether there exists legally sufficient evidence to establish the material elements of the crime" (*People v Calbud, Inc.,* 49 NY2d at 394-395; *see People v Valles* 62 NY2d at 38; *People v Tunit,* 149 AD3d at 1110-1111; *People v Patterson,* 73 AD3d 1215, 1215 [2d Dept 2010], *lv. denied* 15 NY3d 776 [2010]; *People v Malan-Pomaeyna*, 72 AD3d at 988).

Here, after an in-camera review of the unredacted certified copies of the stenographic transcripts of the Grand Jury presentation on October 21, 26, and November 4, 2021, this Court determines that the Grand Jury proceeding was not defective and that the instructions given during

9

the presentation were legally sufficient and proper.

Accordingly, for the reasons set forth above, Defendant's motion to dismiss or reduce the eight charges of Grand Larceny in the Second Degree contained within Counts 1-8 of Indictment Number 70240-21 is denied and Defendant's motion to dismiss the two charges of Unauthorized Practice of a Profession pursuant to Counts 9 and 10 is granted.

## 3. MOTION TO QUASH GRAND JURY SUBPOENA AND TO SUPRESS ALL EVIDENCE OBTAINED AS A RESULT THEREOF.

Defendant moves to "quash [the] grand jury subpoena and suppress all evidence obtained as a result of the subpoena" (*see* Point V, Page 2, of Defendant's Notice of Motion and Point IV, Pages 16-17, of Defendant's Affirmation in Support).

In response, the People contend that Defendant's motion should be denied because she "lacks standing to quash the subpoenas, which were all properly issued" (*see* Point IV, Pages 8-9, of the People's Memorandum of Law). Specifically, the People contend that "defendant was not subpoenaed" and that she "does not specify any particular subpoena or compelled document, let alone assert that any information or records produced pursuant to a grand jury subpoena violated [a] statutory provision" (*see* Point IV, Page 9, of the People's Memorandum of Law).

"[T]he District Attorney has broad investigatory powers during the pre-indictment phase of the proceeding, which includes the power to subpoena witnesses and to require such witnesses to bring and produce specified physical evidence (*Matter of M.B. v. F.T.*, 39 Misc. 3d 1208 (A) [Sup Ct, Bronx County 2013]; *see* CPL § 190.50).

"'[A] Grand Jury subpoena duces tecum…enjoys a presumption of validity that requires the party challenging the subpoena to demonstrate, by concrete evidence, that the materials sought have no relation to the matter under investigation. Bare assertions of the lack of relevancy will not suffice. Rather, given the ranging, exploratory nature and operation of a Grand Jury, the witness served with a subpoena must show that the documents are so unrelated to the subject of inquiry as to make it obvious that their production would be futile as an aid to the Grand Jury's investigation'" (*Matter of Nassau County Grand Jury Subpoena Duces Tecum Dated June 24, 2003*, 4 NY3d 665, 678 [2005], quoting *Virag v Hynes*, 54 NY2d 437, 444 [1981]). "Further, under both the State and Federal Constitutions, a subpoena does not violate an

10

individual's right to be free from unreasonable searches and seizures when the materials sought are relevant to the investigation being conducted and the subpoena is not over-broad or unduly burdensome" (*Matter of Nassau County Grand Jury Subpoena Duces Tecum Dated June 24, 2003*, 4 NY3d at 677-678, citing *Matter of Grand Jury Subpoenas for Locals 17, 135, 257 & 608 of United Bhd. of Carpenters & Joiners of Am., AFL-CIO*, 72 NY2d 307, 315-316 [1988], *cert. denied* 488 US 966 [1988]; *Hynes v Moskowitz*, 44 NY2d 383, 394 [1978], citing *Myerson v Lentini Bros. Moving & Stor. Co.*, 33 NY2d 250, 256 [1973]; *see People v Doe*, 84 AD2d 182, 207-208 [2d Dept 1981], *stay denied* 55 NY2d 839 [1982]).

In the case at bar, Defendant claims that "the People utilized grand jury subpoenas to acquire massive amounts of evidence in the form of bank records and other financial documents" (*see* Point III, Page 15, of Defendant's Affirmation in Support). As "it is a settled principle that a bank customer 'has no proprietary or possessory interests in bank records' and hence 'cannot preclude their production'" (*Matter of Congregation B'Nai Jonah v Kuriansky*, 172 AD2d 35, 37 [3d Dept 1991], *appeal dismissed* 79 NY2d 895 [1992], quoting *People v Doe*, 96 AD2d 1018, 1019 [1st Dept 1983]); *see United States v Miller*, 425 US 435 (1976);[6] *People v Cappetta*, 42 NY2d 1066, 1067 [1977]; *People v Adeniran*, 116 AD3d 706, 706 [2d Dept 2014], *lv. denied* 24 NY3d 1081 [2014]; *People v Crispino*, 298 AD2d 220, 221 [1st Dept 2002], *lv. denied* 99 NY2d 627 [2003]; *People v Doe*, 84 AD2d at 204-205), Defendant lacks standing to challenge the grand jury subpoenas that directed the production of her bank and financial records and her motion to quash such and to suppress the information obtained thereby is denied.

Assuming *arguendo* that Defendant did have standing to challenge the grand jury subpoenas that directed the production of her bank and financial records, her motion would still be denied as she has failed to prove "an affirmative act of impropriety or bad faith" (*Matter of Grand Jury Subpoenas for Locals 17, 135, 257 & 608 of United Bhd. of Carpenters & Joiners of*

---

[6] In *Miller*, the United States Supreme Court held that bank records of a customer's account(s) are not the customer's "private papers," but rather are "the business records of the banks" to which the customer "can assert neither ownership nor possession" (*Id.*, at 440). Further, because the bank records "contain only information voluntarily conveyed to the banks and exposed to their employees in the ordinary course of business," the customer has no legitimate "expectation of privacy in their contents" (*Id.*, at 442). Accordingly, the Court found that the issuance of a subpoena to a third party to obtain the records of that party does not violate the Fourth Amendment rights of a depositor, "even if a criminal prosecution is contemplated at the time of the subpoena is issued" (*Id.*, at 444, citing *California Bankers Assn. v. Shultz*, 416 US 21, 53 [1974]).

11

*Am., AFL–CIO,* 72 NY2d at 316–317 citing *Virag v Hynes,* 54 NY2d at 442-443; *see Matter of Additional Jan. 1979 Grand Jury of Albany Supreme Ct. v Doe,* 50 NY2d 14, 20 [1980]; *Matter of Congregation B'Nai Jonah v Kuriansky,* 172 AD2d at 38) or demonstrate that the particular documents subpoenaed "'can have no conceivable relevance to any legitimate object of investigation by the...grand jury'" (*Virag v Hynes,* 54 NY2d at 444, quoting *In re Horowitz,* 482 F2d 72, 80 [1973], *cert. denied* 414 US 867 [1973], *reh. denied* 414 US 1052 [1973]; *see Matter of Grand Jury Subpoenas for Locals 17, 135, 257 & 608 of United Bhd. of Carpenters & Joiners of Am., AFL–CIO,* 72 NY2d at 317; *Matter of Congregation B'Nai Jonah v Kuriansky,* 172 AD2d at 38).

## 4. MOTION FOR PRECLUSION OF DEFENDANT'S PRIOR CRIMES OR BAD ACTS; ASSOCIATED SANDOVAL HEARING.

Defendant requests "an Order precluding the People from using prior criminal convictions or other alleged bad acts of the defendant to impeach [her] credibility" (*see* Point V, Page 17, of Defendant's Affirmation in Support). In the alternative, relying on *People v Sandoval,* 34 NY2d 371 [1974], Defendant "moves for a pre-trial hearing...to determine whether such evidence should be excluded because its probative value is outweighed by its prejudicial effect" (*see* Point V, Pages 17-18, of Defendant's Affirmation in Support). Finally, Defendant "requests that the prosecution give notice of all specific instances of prior criminal, vicious, or immoral conduct it intends to use for the impeachment of the defendant should the defendant testify at trial" *(see* Point V, Page 18, of Defendant's Affirmation in Support).

In response, the People acknowledge their *Sandoval* and *People v Ventimiglia,* 52 NY2d 350 (1981), obligations and consent to hearings on same if such disclosure is made (*see* Point V, Page 10, of the People's Memorandum of Law). The People also indicate that should they "seek to introduce defendant's prior bad acts on their direct case, the People will inform defense counsel and the Court and request a hearing before introducing such *Molineux* evidence" (*see* Point V, Page 10, of the People's Memorandum of Law).

CPL § 245.20 (3) (a) provides, in substance and pertinent part, that "[t]he prosecution shall disclose to the defendant a list of all misconduct and criminal acts of the defendant not charged in

12

the indictment, which the prosecution intends to use at trial for purposes of impeaching the credibility of the defendant." To the extent that the People seek to use any of Defendant's prior acts of misconduct or criminality on their direct case as substantive proof of any material issue in the case, CPL § 245.20 (3) (b) likewise obligates "[t]he prosecution [to] disclose to the defendant a list of all misconduct and criminal acts of the defendant not charged in the indictment, which the prosecution intends to use at trial [for such purpose]." Lastly, CPL § 245.20 (3) further requires that "the prosecution shall designate whether it intends to use each listed act for impeachment and/or as substantive proof."

As the People have concededly not yet disclosed to the defendant a list of her acts of misconduct and criminality which the prosecution intends to use at trial for purposes of impeaching her credibility or as substantive proof of any material issue in the case, or designated their intended use thereof, this Court will not order the requested *Sandoval* hearing at the present time. Should the People seek to use at trial any prior acts of misconduct or criminality of the defendant for CPL § 245.20 (3) (a) or (b) purposes, they are directed to disclose to Defendant a list of all such acts of misconduct and criminality and to designate the intended purpose of each listed act. Pursuant to CPL § 245.10 (1) (b), the People "shall perform [these] supplemental discovery obligations *as soon as practicable* but not later than fifteen (15) calendar days prior to the first scheduled trial date" (emphasis added). If the People do so, Defendant may renew her application to preclude the People's use of such acts of misconduct or criminality at trial or, in the alternative, request a hearing thereon to determine the admissibility thereof. If the People fail to do so, no use of such acts will be permitted at trial.

## 5. RESERVATION OF RIGHTS TO MAKE ADDITIONAL PRE-TRIAL MOTIONS.

Defendant's request to make additional pre-trial motions (*see* Point VI, Page 2, of Defendant's Notice of Motion and Point VI, Page 18, of Defendant's Affirmation in Support) is granted to the extent that, if sought, she will be required to serve and file an Order to Show Cause detailing the reason(s) why said motions were not brought in conformity with the time provisions and motions practice set forth in CPL § 255.20 (1) and (2), respectively.

However, notwithstanding the provisions of CPL § 255.20 (1) and (2), this Court will "entertain and decide on its merits, at any time before the end of the trial, any appropriate pre-trial

13

motion based upon grounds of which the defendant could not, with due diligence, have been previously aware, or which, for other good cause, could not reasonably have been raised within the period specified in [CPL § 255.20 (1)] or included within the single set of motion papers as required by [CPL § 255.20 (2)]" (CPL § 255.20 (3); *see People v Wisdom*, 23 NY3d 970, 972 [2014]; *People v Marte,* 197 AD3d 411, 413 [1st Dept 2021]; *People v Burke*, 174 AD3d 915, 915 [2d Dept 2019]; *People v Milman*, 164 AD3d 609, 610 [2d Dept 2018]).

The foregoing constitutes the Decision and Order of this Court.

Dated: White Plains, New York
April 26, 2022

HONORABLE ROBERT J. PRISCO
County Court Judge

To: HON. MIRIAM E. ROCAH
Westchester County District Attorney
111 Dr. Martin Luther King Jr. Blvd.
White Plains, New York 10601
Attn: Assistant District Attorney Cooper W. Gorrie

STEVEN S. SIEGEL, ESQ.
Attorney for Defendant Laurieanne Delitta
626 RXR Plaza, Suite 684
West Tower
Uniondale, New York 11556

14

[* 14]